E. P. COVINGTON and others v. ALEXANDER STEWART and wife and others.

*Tenant in Common--Adverse Possession.*

1. The possession of one tenant in common is, in law, the possession of all; but if one have the sole possession for twenty years without any acknowledgment of title in his co-tenant and without any claim on the part of such co-tenant to rents, &c., he being under no disability (before the adoption of the Code,) the law raises a presumption that such sole possession is rightful and will protect it.

2. Adverse possession by one tenant in common for a less period than twenty years, will not raise the presumption of *ouster* and sole seizin.

3. Under C. C. P. § 23, possession for twenty years, which formerly raised a presumption of title, now has the force and effect of an actual title in fee, against all persons not under disability.

4. The provisions of C. C P. § 23, however, do not extend to actions commenced or rights of action accrued at the date of the ratification of the Code.

(*Black* v. *Lindsay*, Busb. 467 ; *Thomas* v. *Garvan*, 4 Dev. 223; *Cloud* v. *Webb*, 4 Dev. 290 ; *Day* v. *Howard*, 73 N. C. 1, cited, distinguished and approved.)

CIVIL ACTION tried at Spring Term, 1877, of RICHMOND Superior Court, before *McKoy, J.*

. E. P. Covington, the guardian of the heirs of John P. Covington, deceased, filed a petition in the nature of a special proceeding in the Probate Court of Richmond County,

against Eliza J. Covington, widow of said deceased, praying for an order to sell the land (house and lot) in controversy for partition between the parties to said proceeding. The order was obtained, sale made and confirmed, and a deed executed to the purchaser. Subsequently said guardian and said purchaser filed an affidavit setting forth, among other things, that since said sale they had discovered that one undivided half of the land sold belonged to the heirs-at-law of W. L. Covington, deceased; and that the heirs of John P. Covington, deceased, owned only one half, notwithstanding the whole of it had been sold as belonging to them, and that the purchaser was mistaken and deceived in regard to the interest of the last named heirs, and asked that the heirs of W. L. Covington be made parties, and that defendants show cause why the purchase money shall not be refunded.

The defendants in answer to said affidavit denied the tenancy in common, and alleged the sole seizin of the land by the heirs of John P. Covington. The case was then transferred to the Superior Court to try the issue raised by the answer, which also involved the right of the heirs of John P. Covington to the whole of the purchase money.

The plaintiff, E. P. Covington, was one of the heirs of, and executor to the will of W. L. Covington, and also guardian of the heirs of John P. Covington·

The heirs of W. L. Covington are the plaintiffs in this action, and the heirs of John P. Covington, the defendants. There was much evidence in regard to the length of time the respective parties, and those under whom they claim, had possession of the property in controversy, the statement of which is not necessary to an understanding of the opinion.

Under the instructions of His Honor, the jury found that the defendants, as heirs-at-law of John P. Covington, were sole seized of the premises described in the pleadings. Judgment. Appeal by plaintiffs.

*Mr. John D. Shaw*, for plaintiffs.
*Mr. Platt D. Walker*, for defendants.

BYNUM, J.   The possession of one tenant in common is the possession in law of all; but if one have the sole posse-sion for twenty years without any acknowledgment on his part of title in his co-tenant, and without any demand or claim on the part of such co-tenant to rents, profits or possession, he being under no disability during the time, the law in such cases raises a presumption that such sole possession is rightful and will protect it.   In such cases where the tenant who has been out of possession brings ejectment, it has been held that his entry is tolled and that he cannot recover. *Black* v. *Lindsay*, Busb. 467; *Thomas* v. *Garvan*, 4 Dev. 223; *Cloud* v. *Webb*, 4 Dev. 290.

This legal effect is given to the lapse of time from public policy, to prevent stale demands and to protect the tenant in possession from the loss of evidence from length of time. Such, in substance, was the purport of the charge of the Judge below in the first part of his instructions to the jury, and if he had stopped there, there would have been no error in his instructions.   But he afterwards proceeded to charge that if John P. Covington had possession of the house and lot, claiming them as his own, and exercising exclusive rights of ownership, so that W. L. Covington was advised of it and prevented from making an entry thereon, for seven years, he being under no disability, and the heirs of John P. Covington continued the possession for three years more after the death of their father and W. L. Covington, then the jury must find that the defendants were sole seized at the beginning of the action.   This was error.

It has never been held in North Carolina that a less period than twenty years' adverse possession by one tenant in common will raise the presumption of ouster and sole seizin; and this, whether the possession was held by the tenant in

common himself, or by him a part of the time and until his death; and then continued by his heirs for the residue of the twenty years. See the cases above cited and those therein referred to; also *Day* v. *Howard*, 73 N. C. 1.

His Honor was probably thrown from his guard by a suggestion made by the CHIEF JUSTICE in delivering the opinion in the latter case ; that when the tenant in common conveys to a third person, an adverse possession of ten years by the purchaser, would probably give him a good title by the presumption of an actual ouster. The point did not arise in that case and was left an open question, and it does not arise here, because there was no conveyance to a third party by the tenant in possession. But the possession of twenty years which raises a presumption of title, as the law has been heretofore administered, has now the force and effect of an actual title in fee by the provisions of C. C. P. § 23, of Title IV, "Limitation of Actions" viz : No action for the recovery of real property or the possession thereof, or the issues and profits thereof, shall be maintained when the person in possession thereof, or the defendant in the action, or those under whom he claims shall have possession of such real property under known and visible lines and boundaries, adversely to all other persons for twenty years, and such possession so held shall give a title in fee in such property against all persons not under disability ; and by C. C. P. § 22, no action for the recovery of such real property can be maintained unless it appears that the plaintiff, &c., was seized or possessed of the premises in question within twenty years before commencing his action. These salutary provisions however do not affect the present action, as by C. C. P. § 16, they do not extend to actions already commenced or rights of actions already accrued at the ratification of the Code.

As there must be a new trial for the error in His Honor's instructions to the jury, it is unnecessary to examine the

questions of evidence raised on the trial, but we do not now see any error in His Honor's ruling upon them.

There is error.

PER CURIAM.                                    *Venire de novo*.