## H. BELL and others v. LYNN ADAMS.

*Evidence—Declarations of One in Possession of Land—Statute of Limitations—Parties—Deed—Construction of.*

1. The declarations of one in possession of land are not admissible in evidence to show changes in the title of those for whom he holds.

2. When land, devised to several, is held by the heirs of one devisee adversely for more than twenty years, the other devisees and their heirs not under disability are barred by the statute of limitations.

3. In a proceeding for partition of land, those having a reversionary interest in the land are necessary parties, as well as the life tenant.

4. B having an interest in a lot of land as tenant in common, conveyed the entire lot by deed with full warranty in 1834; afterwards a certain other share in the land descended to B upon the death of another tenant in common in 1840; *Held*, that the deed not only transferred the estate possessed by B at the date of its execution, but also has the effect, by way of *rebutter*, against the heirs of B, of passing the share thereafter inherited by him.

(*Day* v. *Howard*, 73 N. C., 1; *Covington* v. *Stewart*, 77 N. C., 148; *Taylor* v. *Shufford*, 4 Hawks, 116; *Southerland* v. *Stout*, 68 N. C., 446, cited and approved.)

SPECIAL PROCEEDING for Partition of Land commenced in the probate court, and tried upon issues joined, at January Special Term, 1879, of WAKE Superior Court, before *Seymour, J.*

The opinion contains the facts. Judgment for plaintiffs, appeal by defendant.

*Messrs. J. H. Flemming* and *D. G. Fowle,* for plaintiffs.
*Messrs. W. H. Pace* and *Battle & Mordecai,* for defendant.

SMITH, C. J. Zadock Bell was in possession of a lot of land in the city of Raleigh of which that described in the complaint forms a part, for more than fifteen years previous to his death in November, 1826, using it as his own, and devised it to his children. The testator had six children, of whom Jeremiah died in April of the same year, and the others survived him. Jeremiah left a widow and six children whose heirs-at-law are plaintiffs in the action, except such as have sold their shares and whose estate is vested in the defendant. In the year 1829 Lavinia, the widow, entered into possession of the lot, on behalf of her children and claiming it for them, and held adversely against all others, under a single enclosure until her death in 1852, a period of twenty-three years.

The plaintiffs allege that they are tenants in common with the defendant of that portion of the land proposed to be divided, and entitled to nineteen thirtieths thereof, and the defendant to the remaining eleven thirtieths. The defendant asserts a sole seizin in himself by virtue of a deed executed in June, 1862, by William Bell to W. W. Johnson and a subsequent conveyance from the latter to himself.

It was proved on the direct examination of a witness of the defendant, that Lavinia Bell while in possession had frequently been heard to say, that the land belonged to her children who had bought the place and let her live there.

The defendant further proposed to show that in 1831 William Bell, at his own expense, had caused the lot to be enclosed with a fence; and also to give in evidence declarations of Lavinia during her occupancy, to the following effect:

1. That the northern part of the lot outside of that in controversy belonged to her daughter, Nancy, mother of the plaintiff, Julia Thompson.

2. That a stake driven into the ground in 1831 by one Brazier, a surveyor, was then pointed out by her as the place "where Nancy's line came to."

3. That the lot whereon she was living belonged to William and Nancy, and the latter owned the northern part.

4. That her children had bought the land at a sale at the court house door, and sold to William.

The evidence is offered to prove changes in the title of the tenants, presumed from the adverse and exclusive occupation for more than twenty years by the mother for all her children, whereby a sale and separate estate in one part of the lot has vested in Nancy, and in the other in William Bell. For such purpose the evidence was incompetent and was properly refused. The title to land cannot be divested out of one living person by his declarations or admissions, not amounting to an estoppel, nor be transferred to another except by judicial decree under the statute, or deed duly proved and registered, or the presumption arising from long adverse occupancy. No other proof can supply the want of these. Still less are the declarations of one in possession receivable to show changes in the title of those for whom he holds. "No reason is perceived," says Mr. GREENLEAF, "why every declaration accompanying the act of possession, whether in disparagement of the declarant's title, or otherwise qualifying his possession, if made in good faith, should not be received as part of the *res gestæ*." 1 Greenl. Ev., § 109. "It is to be observed," says the author in the next section,

"that when declarations, offered in evidence, are merely *narrative of a past occurrence* they cannot be received as proof of the existence of such occurrence." *Ibid.*, § 110.

Neither what was said by Lavinia about a dividing line between her children Nancy and William, nor the ownership of separate portions of the lot by them, nor the sale and conveyances by which this was brought about, nor the construction of the fence by William, was competent to prove the facts stated or to alter the relations among the tenants in common of the lot, and consequently ought not to have been heard by the jury, or allowed any such effect. There is no error in the rulings of the court upon the admission of evidence.

At the conclusion of the evidence the defendant's counsel submitted several propositions, in which he was overruled by the court, that will now be noticed in succession.

1. There was no presumption of the death of all the descendants of the other devisees of Zadock Bell and such as are living are entitled to a share in the common property : This is incorrect. If any such are still alive and not under disability, they are barred by the long possession of Lavinia for her children and their exclusion from all participation in the rents and profits for more than twenty years. *Day* v. *Howard,* 73 N. C., 1; *Covington* v. *Stewart,* 77 N. C., 148, and *Caldwell* v. *Neely,* at this term, *ante* 114.

2. Lavinia Bell by her own declarations held subsequently the separated parcels for her children, Nancy and William, and not for them all : This is answered in what has already been said about the character and legal effect of her holding.

3. The heirs at law of Elizabeth Moss have a reversion only in their mother's share, subject to the life estate of their father as tenant by the courtesy, which has been conveyed to the defendant, and having no present estate, are not proper parties to the action : If this were so at the commencement of the action, the death of the life tenant makes

them necessary parties. But in case of a divided estate held by different persons in one share, to make partition effectual, both the life estate and the reversion or remainder should be represented by parties before the court.

4. The deed from Balos Bell precludes his children from claiming any interest in the land : The point is well taken. The deed executed in 1834 undertakes to convey, with full warranty, an absolute estate in the entire lot, and besides transferring the share he then possessed, has the effect, by way of *rebutter* against his heirs who are parties to the action, of passing the one-fifth part of the share of John, which at his death, without issue, between 1840 and 1845, descended to Balos, and others, his heirs at law. By the same descent the share of William was similarly enlarged, and the estates of both, being twelve-thirtieths or two-fifths passed by his deed in 1862, to Johnson, and thence to the defendant. The children who died in 1851 are by his deed prevented from claiming any interest by inheritance from him. *Taylor* v. *Shufford,* 4 Hawks, 116—Opinion of HENDERSON, J., 126; *Southerland* v. *Stout,* 68 N. C., 446.

5. Julia Thompson is barred by the statute of limitations : There is nothing in the case to support this proposition, nor was it urged in argument, and it is dismissed without further comment.

The special verdict, in finding that the heirs of· Balos Bell, viz: Hilliard Bell, Susan Saunders, Martha Stubbins and Nancy Jelly are entitled to one-thirtieth part of the lot, is not warranted by the facts proved and stated in the case, and the judgment thereon is erroneous. That fractional part should have been allowed to the defendant. For this error the verdict must be set aside and a new trial granted.

Error.                                          *Venire de novo.*