JOHN C. WITHROW v. AARON V. BIGGERSTAFF and others.

*Tenants in Common—Ouster—Title—Pleading.*

1. Where one tenant in common sues his co-tenant to recover land, if the defendant controvert the plaintiff's title, he thereby admits the ouster. If he does not dispute the title, he should admit it in the pleadings and deny the ouster.

2. If the title be admitted in such controversy and can be seen with reasonable certainty, the verdict should set forth the undivided share to which the title is apparent, and the effect of a judgment thereon would be to put plaintiff in possession with defendant.

(*Pierce* v. *Wanett,* 10 Ired., 446; *Lenoir* v. *South, Id.,* 237; *Shaw* v. *Shepard,* 6 Ired., 361; *Cloud* v. *Webb,* 4 Dev., 290; *Thomas* v. *Garvan, Id.,* 223; *Covington* v. *Stewart,* 77 N. C., 148; *Halford* v. *Tetherow,* 2 Jones, 393; *Hargrove* v. *Powell,* 2 Dev. & Bat., 97; *Parsley* v. *Nicholson,* 65 N. C., 207, cited, distinguished and approved )

CIVIL ACTION to recover possession of Land tried at August Special Term, 1879, of RUTHERFORD Superior Court, before *Buxton, J.*

The land claimed in the complaint consists of six adjoining tracts containing in all three hundred and eighty-two and a half acres, and once belonged to James Withrow who by deed dated January 24th, 1863, conveyed an undivided

one-half in the whole to his son Jason H. Withrow, and by deed dated February 19th, 1875, conveyed the remaining undivided one-half interest to another son, Thomas J. Withrow. Jason and Thomas by parol agreement ran a provisional line across the land from east to west, and Jason occupied the part lying south of the line, and Thomas, the other part on the north of the line.

The plaintiff in support of his title offered in evidence a deed to himself from Jason H. Withrow, dated June 15th, 1871, for one undivided one-half interest in said three hundred and eighty-two and a half acres, and then with a view to estop the defendant read in evidence a deed to defendant dated December 7th, 1872, from said Jason for a similar interest in the same land, and proved that defendant was in possession and had been ever since the date of his deed—on that side of the line previously occupied by Jason, that is, on the south side of the line.

The defendant in defence offered in evidence a deed of release and quit-claim dated January 21st, 1876, from Thos. J. Withrow and wife, which covered by proper metes and bounds that part of said land on the south side of the line, and now occupied and claimed by the defendant, who after obtaining his deed from said Thomas and wife and before the institution of this action reconveyed eighteen and three-quarter acres of the same land to Thos. J. Withrow. It was agreed that the plaintiff has never been in the actual possession of any part of the land.

Upon this state of proof and admissions of the parties, His Honor intimated an opinion that the plaintiff could not recover in this action because the defendant had connected himself with the other co-tenant, Thomas J. Withrow; and so, was not a trespasser. In deference thereto the plaintiff submitted to a nonsuit and appealed.

*Messrs. Hoke & Hoke*, for plaintiff.

*Messrs. W. J. Montgomery* and *Reade, Busbee & Busbee*, for defendants:

The parties are tenants in common, the division of the land by parol being void. *Medlin* v. *Steele*, 75 N. C., 154; *Anders* v. *Anders*, 2 Dev., 529. It is familiar learning that one tenant in common cannot sue the other for possession unless there is an actual ouster or some act of exclusion.

ASHE, J. It is conceded in the argument of this case that the plaintiff and defendants are tenants in common of the land in controversy. The possession of one tenant in common is the possession of the other. And it is therefore held that one tenant in common cannot sue another unless there is an actual ouster. By an actual ouster is not meant the expulsion from or keeping out of the possession by real force, but it may be inferred from circumstances; which circumstances are matter of evidence to be left to the jury, as for instance, the entry of one tenant claiming the land as his own and continuing in the sole possession for twenty years or more, without any entry, claim, or assertion of right to any part of it by his co-tenant. *Cloud* v. *Webb*, 4 Dev., 290; *Thomas* v. *Garvan*, Id., 223; *Covington* v. *Stewart*, 77 N. C., 148. So, a demand to be let into possession and refusal or any hindrance by the one tenant in possession to the entry of the other. But that one tenant in common may maintain an action against another, an ouster must either be proved or admitted by the pleadings. *Halford* v. *Tetherow*, 2 Jones, 393. The defendant in our case says the action cannot be sustained because the plaintiff has made no demand to be let into possession and there is no evidence of an ouster. The plaintiff replies, it is true he has made no demand for the possession and has proved no actual ouster, but defendant has made that unnecessary by admitting an

actual ouster in his pleading, which answers his purpose in this action.

According to the practice under our former system, when one tenant in common sued another for possession of land held in common, if he meant to dispute the title of the plaintiff's lessor, he was required as in other cases to enter into the common rule and confess lease, entry and ouster; but when he did not dispute the title of the lessor of plaintiff as his co-tenant, he might obtain upon affidavit leave of the court to enter specially into the common rule, stipulating to confess lease and entry only, not ouster, unless an actual ouster should be proved on the trial. Adams on Ejectment, 56; *Hargrove* v. *Powell,* 2 Dev. & Bat., 97. If the defendant enter into the special rule, then it was incumbent on the plaintiff before he could effect a recovery to prove on the trial an actual ouster, or circumstances from which one might be presumed. But if he enter into the general consent rule, then he confessed the ouster, and it was unnecessary for the plaintiff to prove it; it was admitted by the pleadings. And although the old action of ejectment with its fictions is abolished and one form of action adopted for all cases, the essential principles of pleading at common law have not been abrogated by the code of civil procedure, but still remain and have only been modified as to technicalities and matters of form. See *Parsley* v. *Nicholson,* 65 N. C, 207. Therefore, in actions to recover land, in analogy to ejectment under the former system, where one tenant in common is sued by his co-tenant, if he does not dispute the title of the plaintiff, he should in his answer admit the title and deny the ouster; but if he only controverts the title, that must be taken as an admission of the ouster.

The case of *Halford* v. *Tetherow, supra,* may seem to militate against this position, but we think that case is distinguishable from ours on that point. There, the defendant pleaded not guilty, and his entering into the consent rule was

not set out in the record ; and the court held it was not at liberty to assume that he admitted an " actual ouster." The plea of not guilty did not necessarily deny the title of plaintiff. It only denied that the defendant was a trespasser and that the plaintiff had a right to the possession. There are many cases where the plea of " not guilty " did not put the title in issue—as for instance, where no demand was made for possession before action brought, when one was necessary or when the lease under which the defendant claimed was unexpired, &c. But in our case the title of the plaintiff is expressly denied in the answer.

It was objected on the argument that as the plaintiff sues for the *whole* of the land within the boundaries of his deed, the effect of the judgment will be to dispossess the defendant of that part. But not so ; for being a tenant in common with the defendant, though he may declare for the whole and not for an undivided moiety, he has not an absolute right to have a verdict for the whole, but the jury may render such a verdict, and leave the plaintiff to proceed at his peril under the writ of possession. The more correct course is said to be, when the extent of the title can be seen with reasonable certainty, to set forth in the verdict the undivided share to which the title is apparent, and to enter the judgment accordingly, the effect of which will be to put him in possession with the defendant. *Pierce* v. *Wanett,* 10 Ired., 446 ; *Shaw* v. *Shepard,* 6 Ired., 361 ; *Lenoir* v. *South,* 10 Ired., 237.

There is error in the opinion intimated by His Honor. The nonsuit must be set aside and a new trial had. Let this be certified.

Error.　　　　　　　　　　　　　　　　*Venire de novo.*