JAMES A. POPE v. WILLIAM A. MATTHIS.

*Tenants-in-Common—Eviction—Statute of Limitations.*

1. An action by one tenant in common for partition is barred by seven
   years adverse possession by an alienee of the other tenant in common
   under a deed purporting to convey the whole land.

2. Where the alienee of one tenant in common evicted his co-tenant by
   action of ejectment and thereupon the evicted tenant entered into pos-
   session of the land as the lessee of the other ; *Held,* that the statute of
   limitations began to run from the date of the eviction and the evicted
   tenant was barred after seven years.

(*Covington* v. *Stewart,* 77 N. C., 148 ; *Day* v. *Howard,* 73 N. C., 1 ; *Black*
v. *Lindsay,* Busb., 467 ; *Burton* v. *Murphy,* N. C. Term Rep., 259 : *Mur-
ray* v. *Shanklin,* 3 and 4 Dev. & Bat., 289 ; *Reed* v. *Earnhart,* 10 Ired.,
516 ; *White* v. *Cooper,* 8 Jones 48, cited and approved.)

(SMITH, C. J., *dissenting.*)

SPECIAL PROCEEDING for Partition of ·Land heard on ap-
peal at January Special Term, 1880, of SAMPSON Superior
Court, before *Gilmer, J.*

The plaintiff alleged that he and defendant are tenants in
common of the land, and the defendant sets up sole seizin
and title in himself.   Upon the facts stated in the opinion
of this court, the judge below gave judgment for the plain-

tiff, and ordered a *procedendo* to issue to the probate court, and the defendant appealed.

*Mr. J. L. Stewart,* for plaintiff.
No counsel for defendant.

DILLARD, J.    From the special verdict in this case we collect the following facts material to our decision :   One Waters being seized of the land conveyed it in 1822 to Stephen Pope.    Stephen Pope conveyed in 1833 to Sampson Bennett.    Sampson Bennett conveyed in 1842 to the plaintiff James A. Pope and Bennett Pope.    In 1856, under a judgment and execution against Bennett Pope and Stephen A. Pope, the interest of Stephen and Bennett Pope in said land was sold and conveyed by a sheriff to Rice P. Matthis, and in 1866 Rice P. Mathis conveyed to Henry A. Bizzell in trust several tracts of land, and among them one described as "one undivided moiety of one other tract of one hundred and twenty-five acres, both tracts purchased at sheriff's sale, as by reference to the sheriff deed therefor will more fully appear."    On the 1st day of February, 1869, Rice P. Matthis conveyed to defendant under the description "all the land known as the Pope land and conveyed by Geo. W. Crumpler, former sheriff, to Rice P. Matthis, being all that is not conveyed in a deed of trust to Dr. Henry A. Bizzell, made by said Rice P. Matthis, and being one undivided moiety of said tract of one hundred and twenty acres," and to this is added a further description of the whole tract by metes and bounds, containing the whole land.    On the 19th of February, 1869, Henry A. Bizzell conveyed to defendant the same moiety of land which Rice P. Matthis had conveyed to him in trust in 1866 and by the same description "one undivided moiety of one other tract of one hundred and twenty-five acres, both tracts purchased at sheriff's sale as by reference to the sheriff deed therefor will more fully ap-

pear," and in this deed also, there is a further description by metes and bounds containing the whole tract. James A. Pope was in possession from the date of Sampson Bennett's deed to him and his brother ·Bennett Pope in the year 1842 until he was ejected on the 7th of May, 1870, under an action of ejectment begun by defendant in 1867, and after that day he rented and still occupied as tenant to defendant up to 1st of May, 1872, when he abandoned the possession, and within seven years thereafter, but after seven years from the 7th of May, 1870, brought this action for partition, claiming to be a tenant in common with the defendant.

Upon the verdict the court below held the plaintiff to be a tenant in common with defendant, and as such to be entitled to partition, and ordered a *procedendo* to issue to the probate court to carry out the partition, and from that judgment defendant appeals.

It is established that as between the original tenants in common, or between one and the alienee of another by a deed purporting to convey the whole, the possession of one is in law the possession of all, and in such case neither can acquire a sole ownership by mere presumption of ouster and of title upon a possession short of twenty years, nor then except it be adversary and without acknowledgment of the title of the co-tenant, and without demand or claim ·by the co-tenant· of rents, profits or possession, such co-tenant being free from disability. *Covington* v. *Stewart,* 77 N. C., 148; *Day* v. *Howard,* 73 N. C., 1; *Black* v. *Lindsay,* Busb., 467.

In this case the claim of a sole title by defendant is not based and could not.be, on the idea of a title by presumption, because less than twenty years, the period presented in such case, has not elapsed since the 7th day of May, 1870, when the plaintiff was put out by the sheriff, and therefore our attention is confined to the enquiry, whether the lapse

of seven years of adverse possession by the defendant, who is an alienee of Bennett Pope, the original companion of plaintiff, under color of title, counting the two years for which plaintiff occupied after being ejected by the sheriff, is a bar to plaintiff's present claim.

It is settled that a seven years adverse possession by the alienee of one tenant in common, under color of title following continuously upon an actual ouster of his companion, is a bar to the ousted party. *Burton* v. *Murphy*, N. C. Term Rep., 259; *Murray* v. *Shanklin*, 3 and 4 Dev. & Bat., 289; *Day* v. *Howard, supra.*

Such a possession, the title being out of the state, is not only a bar to all remedy of the former co-tenant of the alienee, but of all others, being of course free from disabilities, and it is a title sufficient in law to defeat any action against the possessor, or maintain any action by him. *Reed* v. *Earnhart*, 10 Ired., 516.

Here the defendant had the requisite color of title in deeds executed to him by Rice P. Matthis and Dr. H. A. Bizzell, in 1869, and he turned plaintiff out of possession and himself was put in under his writ of possession on the 7th day of May, 1870. So that it is apparent that more than seven years elapsed from the day the defendant was put in possession before the institution of this action. But on the same day the defendant was put in possession by the sheriff, the case of appeal states the plaintiff rented the land of defendant, and under the lease occupied until the 1st of May, 1872, when he abandoned the possession, and from that time to the beginning of this suit there has been less than seven years, and so the plaintiff is not barred unless the defendant, for the two years that plaintiff occupied by agreement with him, can be considered as holding in hostility to the plaintiff.

The statute of limitations fixed on seven years as a reasonable time, at the end of which the title being out of the

state, the person in possession claiming adversely to others and exclusively for himself under color of title, should be quieted in his title against the true owner and all others, if free from disability. And in order to ripen possession into title under this statute, it is necessary, title being out of the state, that possession be taken upon a claim of right, adversely to others and exclusively for the possessor in his own person or by tenants and servants, and so continued for the statutory period, and under circumstances to invite the assertion of claim by others by entry or action.

Here a recovery was had against the plaintiff in an action of ejectment brought by defendant, and plaintiff was put out and defendant put in possession on the 7th of May, 1870, and from and after the instant of delivery of possession to defendant on that day, the defendant's possession began, adverse and exclusive in its character, (for plaintiff was put out,) and in hostility to plaintiff's claim as half owner in fee and so known unto him, and the statute of limitations *eo instanti* began to run, and at the end of the time prescribed barred this action, unless plaintiff can bring himself within some of the exceptions to the statute, which are infancy, coverture, insanity, imprisonment or absence beyond seas. There is no claim that plaintiff is within either of these exceptions, and the only reason urged by him to prevent the complete bar of the statute, is that for two years of the seven he was in possession under a lease from the defendant, and that because during those two years he could not sue himself or make entry, they are not to be estimated as a part of the statutory period. It is a rule of law without exception, that the statute of limitations, when it once begins to run, runs on and is not stopped by disabilities of any sort which occur after the statute is put in motion.

When plaintiff was ejected by defendant, he was put upon notice of a claim hostile to him and exclusive, and defendant was forthwith exposed to his action or entry as a means

of regaining his possession. The acquiescence of the plaintiff in such possession, whether by non-action or admission of its rightfulness, for the period of seven years, in our opinion, tolled his right of entry and barred his action. The statute had said to defendant, having a color of title, that a possession for seven years for himself and hostile to all others, should bar the owner, being free from disability, and thus perfect his title; and here the plaintiff seeks to defeat the statute, not in the legitimate mode by action or entry, but by his own act of leasing from the defendant for a part of the time necessary to complete the bar. If this can be, then plaintiff might have rented and continued to do so all his life, and then his heirs, or abandoning the possession, might claim to share with defendant in the land as a tenant in common, and there the policy of the law in providing for quiet and repose to defendant at the end of seven years adverse possession would be completely defeated.

The defendant's entrance into the possession was adverse and exclusive, and the statute then began to run, and the only mode by which plaintiff could restore himself to his possession, as a tenant in common, was by an action of ejectment, or by an entry. And if by the latter mode, then only by an entry of claim of right in himself. *White* v. *Cooper*, 8 Jones, 48.

But he did neither. In place thereof he went into and held possession in recognition of the right of defendant, and thus in legal effect his possession was the possession of defendant, and therefore is to be estimated as a holding by defendant upon his sole title and as a part of the time required to complete the bar of the statute. The voluntary act of plaintiff in renting of defendant instead of suing him or entering on him, ought not in reason to delay the ripening of defendant's title under his color intended for him by the law.

The conclusion is, that the title of the plaintiff is barred

by the adverse possession of the defendant for seven years under color of title, and the judgment of the court is reversed and this will be certified to the end that judgment be entered for defendant on the issue sent up from the probate court conformably to this opinion and a certificate thereof be sent down to the probate court in which the petition for partition is pending.

SMITH, C. J., *dissenting.* I am constrained to enter a dissent to so much of the opinion of the court as declares title to have been acq:ired by the defendant by means of a possession for seven years under a deed professing to pass the entire estate. His entry upon the land by virtue of the writ was an undoubted assertion of sole ownership, and the expulsion of the co-tenant an ouster which, continued for the prescribed time, would have the effect of completing the title. But upon the day of recovering possession and soon afterwards it was restored to the plaintiff under a contract of lease, and he held the land for nearly two years. A tenant let into possession as lessee is not allowed to withhold it from the lessor by virtue of any superior right in himself, but when the possession has been surrendered he may assert his own and contest the title of the other in any subsequent action between them. "The relation and the rights growing out of it," says BYNUM, J., referring to the lessee's occupation, "can be destroyed only by surrendering the possession to the landlord, as it existed prior to the lease, *when that is done and not before, the defendant is at arms length and can assert his title by action or otherwise. Abbott* v. *Cromartie,* 72 N. C., 292; *Gilliam* v. *Moore,* Busb., 95.

The statute requires an uninterrupted adversary occupation for the whole period of seven years under color of title, during which the party is exposed to the action and the land subject to the re-entry of the owner and the effect of his neglect to do either is to bar his claim and vest title in

the occupant. "The rule of law," remarks PEARSON, J., in *Reynolds* v. *Cathens*, 5 Jones, 437, "is when one holds possession and exposes himself to an action for twenty years without color of title, or for seven years with color of title, as between individuals, and supposing. the land to have been granted, so as to oust the state, we think acquires a good title," and this he defines as constituting *adverse possession* under the law.

During a part of the required seven years the plaintiff, a co-tenant with the defendant and entitled to an undivided moiety, is in possession of the common property with the assent of the latter, and could not maintain his action; and to allow this to enure to the benefit of the defendant and be counted as part of the time, is in my opinion, not only to dispense with the provisions of the statute, but involves also the absurdity of *one's holding adversely to himself.* In this action the plaintiff, being freed from the lease, was at liberty to assert his own better right to the premises, and that his own possession in the judgment of the law was in support of a superior rather than an inferior and subordinate title.

PER CURIAM.                                        Reversed.