BARTHOLOMEW PAGE et al. v. JOHN BRANCH et al.

*Adverse Possession—Statute of Limitation—Tenants in Common.*

1. The possession of a widow remaining on her husband's land after his death, is not adverse to his heirs at law.

7

2. One tenant in common cannot make his possession adverse to his co-tenant except by actual ouster, as he is presumed to hold by his true title, and it will take a sole possession of twenty years in the absence of actual ouster, to bar the co-tenant's right of entry, and it is immaterial that the tenant in possession has conveyed to a stranger by a deed purporting to convey the entire estate, as the vendee only gets such estate as his vendor could convey. This rule extends to a purchaser at execution sale of the interest of a tenant in common, and to the vendee of such purchaser.

(*Grandy* v. *Bailey*, 13 Ired., 221; *Black* v. *Lindsay*, Busb., 468; *Ward* v. *Farmer*, 92 N. C., 92; *Covington* v. *Stewart*, 77 N. C., 151; *Thomas* v. *Garvan*, 4 Dev., 223; *Claud* v. *Webb*, 4 Dev., 290; *Meredith* v. *Andres*, 7 Ired., 5; *Halford* v. *Tetherow*, 2 Jones, 393; *Linker* v. *Benson*, 67 N. C., 150; *Caldwell* v. *Neely*, 81 N. C., 114; cited and approved. *Baird* v. *Baird*, 1 D. & B. Eq.,524, distinguished and approved. *Day* v. *Howard*, 73 N. C., 4; explained).

This was a SPECIAL PROCEEDING for the partition of land, tried upon issues joined, before *Shepherd, Judge*, at Fall Term, 1886, of PITT Superior Court.

The plaintiffs alleged that they were tenants in common with the defendants of the land mentioned in the petition. The defendants denied this, and claimed to be sole seized. Issues were submitted to a jury, who found that Bart. Page was entitled to an undivided share of three fifths of one sixth, and W. S. Page to one fifth of one sixth of the land, and that defendants were not sole seized.

It was conceded that if the plaintiffs were tenants in common with the defendants, they were entitled to the undivided interest claimed by them.

The plaintiffs introduced a deed from one J. H. McCluer and wife, dated March 19th, 1847. No question was made as to the title of McCluer. The case states that there was an endorsement on this deed, which was read to the jury, but it fails to state what the endorsement was. There was evidence tending to show that Dennis Branch entered under this deed, and died during the year 1847; that his widow, Rebecca, who had no deed, continued in the possession of

the land till 1866, when she conveyed it to A. B. Branch, a son of Dennis Branch, who afterwards conveyed it to the defendants, who were also sons of Dennis Branch.

There was evidence tending to show, that the widow paid off the debt to one Hazelton, and claimed the land as her own and adversely, until she conveyed it, and that no dower was ever assigned to her. There was also evidence tending to show, that A. B. Branch and the defendants were in the adverse possession of the land from 1866 till the commencement of this proceeding, which was July 31st, 1883.

The plaintiffs introduced deeds and other evidence, showing that they had succeeded to the interest of certain heirs at law of Dennis Branch, to the extent of the interest claimed by them.

The Court, among other things, charged the jury, that it being conceded that the defendant and A. B. Branch were heirs at law of Dennis Branch, their possession from 1866 would not be sufficient to divest the title of the plaintiffs, unless they could show that they entered under an independent title, and that if they entered, as they claimed to have done, under Rebecca Branch, and she had never held the land adversely to the heirs at law of Dennis Branch, but had simply remained in possession as his widow, that the plaintiffs' estate would not be divested by the possession of the defendants and A. B. Branch from 1866. But if they found that Rebecca Branch held adversely, and A. B. Branch and defendants entered and held under her, the plaintiffs would be barred.

The defendants excepted to the charge, because the Court refused to instruct the jury, as requested, that seven years' adverse possession under the deed of 1866 would be sufficient to bar the plaintiffs' title, even if Rebecca had not claimed adversely to the heirs at law or their grantees.

*Mr. W. B. Rodman, Jr.,* (*Mr. W. B. Rodman* was with him on the brief,) for the plaintiffs.

No counsel for the defendants.

DAVIS, J., (after stating the facts). The only question for our consideration is: Did the Court err in refusing to instruct the jury, that seven years' adverse possession under the deed of 1866 would be sufficient to bar the plaintiffs' title, even if Rebecca Branch had not claimed adversely to the heirs at laws or their grantees?

The charge of his Honor and the finding of the jury, render it unnecessary for us to consider the character of Rebecca Branch's possession—it was not adverse. *Grandy* v. *Bailey,* 13 Ired., 221.

In 1866, the plaintiffs and defendants were tenants in common, and they continued so to be, unless the possession of the defendants under the deed of Rebecca Branch barred the plaintiffs. "The possession of one tenant in common is, in law, the possession of all his co-tenants, because they claim by one common right. When, however, that possession has been continued for a great number of years, without any claim from another who has a right, and is under no disability to assert it, it will be considered as evidence of title to such sole possession; and where it has so continued for twenty years, the law raises a presumption that it is rightful and will protect it. * * * At any time, then, during the twenty years, the tenant out of possession had a right, and might have enforced it by an action." *Black* v. *Lindsay,* Bus., 468.

One tenant in common cannot make his possession adverse to his co-tenant. He is presumed to hold by his rightful title, and it will take twenty years' adverse possession to bar the co-tenant, and a deed by a co-tenant to a stranger, though it purport to convey the entire estate, has no other effect than to invest the vendee with the rights of the vendor, and does

not change the relation of co-tenant, which had subsisted between the vendor and the co-tenant. This rule extends to the purchaser of the interest of a tenant in common at execution sale, and to the vendee of such purchaser, as was decided in *Ward* v. *Farmer*, 92 N. C., 92. In that case, the interest of W. W. Ward, one of the co-tenants, had been purchased at execution sale by one Day, and Day by deed professing to convey the whole of the land, sold to the defendants, Farmer and Southerland, who entered into possession on the 1st of January, 1873, and occupied and used the same to November, 1883, claiming it as their own, under their deed from Day, no one else being in possession; clearing and otherwise improving it, occupying it by marked and visible lines publicly, and paying the taxes. The Court below instructed the jury, that no possession short of twenty years, except after an actual ouster, would be adverse as against tenants in common, and this was sustained. ASHE, J., in the opinion in *Ward* v. *Farmer*, in referring to *Day* v. *Howard*, 73 N. C., 4, in which the same principle is held, calls attention to the fact that Chief Justice PEARSON, who delivered the opinion in *Day* v. *Howard*, fixed the time at ten years, instead of twenty, and says, " it will be observed, that this was a mere *obiter dictum*, and the learned Chief Justice only says he is *inclined* to the opinion and expresses none, because that state of facts is not presented." And BYNUM, J., in *Covington* v. *Stewart*, 77 N. C., 151, says: " It has never been held in North Carolina that a less period than twenty years' adverse possession by one tenant in common, will raise the presumption of ouster and sole seizin; and this, whether the possession was held by the tenant in common himself, or by him a part of the time and until his death, and then continued by his heirs for the residue of the twenty years," and referring to *Day* v. *Howard*, adds that his Honor who tried the case of *Covington* v. *Stewart*, in the Superior Court, " was probably thrown from his guard by a suggestion made

by the Chief Justice in delivering the opinion in the latter case, that where a tenant in common conveys to a third person, an adverse possession of *ten* years by the purchaser would probably give him a good title, by the presumption of an actual ouster. The point did not rise in that case. * * But the possession of twenty years, which raises a presumption of title, as the law has been heretofore administered, has now the force and effect of an actual title," and refers to the statute.

Assuming that the period of ten years, in the case of *Day* v. *Howard*, was inadvertently fixed, as is indicated by Justice BYNUM and Justice ASHE, it may be stated as well settled in this State, that no possession for a period less than twenty years will amount to an ouster of one co-tenant by another co-tenant, or by any one deriving title under another co-tenant. There must be something more than mere possession for a less period than twenty years, to constitute an ouster. In *Thomas* v. *Garvan*, 4 Dev., 223, GASTON, J., says: "When the law prescribes no specific bar from length of time, twenty years have been regarded in this country as constituting a legal presumption of such facts as will sanction the possession and protect the possessor," and this has been followed uniformly, unless *Day* v. *Howard* constitutes an exception. *Cloud* v. *Webb*, 4 Dev., 290; *Meredith* v. *Andres*, 7 Ired., 5; *Black* v. *Lindsay*, Bus., 467; *Halford* v. *Tetherow*, 2 Jones, 393; *Linker* v. *Benson*, 67 N. C., 150; *Covington* v. *Stewart*, 77 N. C., 151; *Caldwell* v. *Neely*, 81 N. C., 114.

The *length* of time necessary to raise the presumption of ouster, was not the point in *Day* v. *Howard*, and the principle enunciated, and the reasoning of the Chief Justice in that case, are in harmony with these decisions.

The case of *Baird* v. *Baird*, 1 D. & B. Eq., 524, though seemingly in conflict with the position here taken, will be found, upon a close examination of the elaborate and exhaustive opinion of Chief Justice RUFFIN, to have rested upon a

state of facts that amounted to an actual ouster and disseizin, and not upon the simple fact of seven years' adverse possession under color of title, but upon the character of the possession which, in that case, was attended by circumstances that constitute an actual ouster.

There is no error. The judgment of the Court below is affirmed.

No error. Affirmed.