JAMES B. ALLEN v. THOS. O. SALINGER.

*Ejectment by Tenant in Common against his Co-tenant; When Demand Necessary; Effect of Plea of Sole Seizin— Verdict and Judgment—Issues and Verdict in Ejectment—Possession— Estoppel by Record.*

1. If one tenant in common sue his co-tenant for possession, the action will be dismissed if it is shown that plaintiff's rights were not denied, and he had given no reasonable notice to his co-tenant of his demand to be admitted to joint possession; but where the defendant in such an action, by his answer, denies the plantiff's title, he thereby admits an ouster, and the action lies.

2. Where, in such an action, the defendant pleads sole seizin, he cannot, after a verdict in favor of plaintiff, avail himself of a defence which would be in harmony with the verdict.

3. Possession by the bargainee, open, continued and adverse, of part of a tract of land covered by deed, is possession of all of the tract not occupied by some one else, and such possession, continued for seven years, will ripen into title.

4. Plaintiff claimed title to the whole of a tract of land of which he alleged that defendant was in possession; defendant denied being in possession of any land belonging to plaintiff. One of the issues submitted to the jury was: "Is plaintiff the owner of the land described in complaint?" To which the jury responded: "Yes; one-seventh of the Sandy Bottom tract—160 acres." The jury also found in response to another issue, that defendant was in possession of the land: *Held*, (1) that an objection by the defendant, that the finding of the jury on the first issue was not responsive, was not tenable; (2) that a judgment that plaintiff recover the whole land was erroneous; the judgment should have been that plaintiff recover, and be let into possession with defendant as tenant in common, to the extent of a one-seventh interest.

5. Where the title to land is put in issue by the pleadings and issues, the verdict and judgment operate as an estoppel on the parties as to the title.

6. The Court has countenanced and approved the practice of defining, in the verdict, the extent of the plaintiff's interest in the land in controversy, either by metes and bounds, or as an undivided fractional interest.

This was a CIVIL ACTION, tried at the February Term, 1889, of the Superior Court of MARTIN County, before *Graves, J.*

The plaintiff demanded possession of a certain tract of land, and the defendant denied that he was in possession of any land belonging to the plaintiff, or that there was any such land in Martin County as that claimed by the plaintiff.

The issues and findings of the jury were as follows:

1. "Is plaintiff the owner of the land described in the complaint?" Answer. "Yes; one-seventh of the Sandy Bottom tract—160 acres."

2. "Is defendant in the wrongful possession thereof?" Answer. "Yes."

3. "What is the plaintiff's damage?" Answer. "Ten cents."

Judgment was rendered upon the verdict in favor of plaintiff.

On the trial, it was agreed that one Ezekiel Leary had originally owned the land. The plaintiff offered evidence tending to show, that Emmanuel Leary was a son and heir of Ezekiel Leary, and then offered a deed from Emmanuel Leary to Bradford Allen, da·ed in 1842. The plaintiff then offered evidence that he was son and heir of Bradford Allen, who had six other children, his heirs. There was evidence, tending to show the location of the land described in the deed to Bradford Allen, and tending to show that it was known as the Sandy Bottom tract, of 160 acres. There was also evidence tending to show possession by Bradford Allen, and those claiming under him, for forty years, of the land in controversy. There were many deeds offered by defendant from heirs of Ezekiel Leary and others, which the defendant insisted covered the land in controversy, and offered evidence tending to show it. There was no evidence that any judicial proceedings had ever been had for partition of the lands of Ezekiel Leary. There were no exceptions to the evidence. There were no special instructions asked for by the defendant, and there were no exceptions taken at the time to instructions given. After the verdict the plaintiff moved for judgment, and defendant moved for new trial for alleged errors in the instructions given. The instructions given presented every aspect of the case arising on the volume of evidence, oral and documentary. The only error alleged was, that the Court had instructed the jury that if the plaintiff and those under whom he claimed held possession of a part of the land embraced in his deed for more than seven years, openly, continuously and adversely, it would ripen his title to all the land embraced in his deed which was not occupied by any one else, unless there was a lappage; if there was a lappage, and neither party was in possession of the lappage, as to that part embraced in both deeds, the latter title would prevail. The motion for new trial was overruled. Then the defendant objected that the answer of the jury was

not responsive to the issues, and was vague and indefinite. The Court being of opinion that the answer of the jury was sufficient, gave judgment for the plaintiff, and the defendant appealed.

*Mr. H. W. Stubbs*, for the plaintiff.
*Mr. A. O. Gaylord* (by brief), for the defendant.

AVERY, J. (after stating the facts). If the defendant had not denied in his answer that the plaintiff was the owner of the land in controversy, and thereby acknowledged that he had ousted plaintiff, his co-tenant, but had asked that the action be dismissed on the ground that he and the plaintiff were tenants in common, and the plaintiff ought to have given reasonable notice to be let into possession before issuing the summons, this action could not have been maintained.

As it sufficiently appears from the record that Ezekiel Leary was the common source of title, and that there was evidence tending to show that plaintiff and defendant each traced his title through different heirs-at-law of Ezekiel to him, and were, therefore, tenants in common, the charge of the Court would have been erroneous if the answer had averred the co-tenancy and set up the want of notice. *Page* v. *Branch,* 97 N. C., 97, and cases there cited. But the defendant has denied the plaintiff's title to the land, and gone so far as to deny that there was land filling the description in the complaint. It being admitted that the title was out of the State and in Ezekiel Leary, the principle enunciated by his Honor, as to the acquisition of title by possession, was correct, and applicable to the evidence. The defendant, by his pleadings, has averred that he holds adversely, and cannot now avail himself of a new defence which would be in harmony with the verdict. *Withrow* v. *Biggerstaff,* 82 N. C., 82.

103—2

The objection that the finding of the jury was not, in its terms, responsive to the first issue, is not, we think, tenable. Where the title, not the possession, is in issue in an action for possession, the verdict and judgment operate as an estoppel on the parties as to title. This Court has countenanced and approved the practice of defining, in the verdict, the extent of the plaintiff's interest in the land in controversy, either by metes and bounds, or as an undivided fractional interest. The manifest justice and propriety of this practice grows out of the effect of the judgment in such actions. The jury found that the plaintiff was the owner of one undivided seventh, and, in view of the testimony, the finding can be fairly interpreted to mean *one undivided seventh* interest in the land in controversy. *Withrow* v. *Biggerstaff, supra.*

But the judgment of the Court, that the plaintiff recover the whole of the land, was erroneous, and was doubtless signed by his Honor without adverting to its form. The judgment should have been rendered for the recovery of the land, with an order that the plaintiff be let into possession with defendant, as tenant in common, to the extent of his interest, and must be modified so as to conform to this view.

A plaintiff, showing title only to an undivided interest, may have judgment, without qualification, for the whole, against one who has no title. But it appears from the record that the defendant did show evidence of title, derived from Ezekiel Leary, the admitted source of title; and the form of the verdict was probably due to that testimony. But the plaintiff, who has proven title to one undivided seventh, must, if he would have judgment for the whole, have shown on trial that the same evidence of title or possession that established his own title, demonstrated the fact that others than defendant held, as co-tenants, the other interest, and this action would inure to their benefit. But the burden is always on plaintiff in such actions, and he must establish

his right clearly to the judgment demanded, just as he is required to show title, good against the world. *Overcash* v. *Kitchie*, 89 N. C., 384; *Yancy* v. *Greenlee*, 90 N. C., 317.

A new trial will not be granted, and, with the modification mentioned, the judgment will be affirmed.

Modified and affirmed.