R. F. JETER et al. v. WILSON DAVIS et al.

*Tenancy in Common—Adverse Possession—Possession of Cestui Que Trust as against Trustee.*

Where land is conveyed to one in trust for others as tenants in common, the possession of one of the *cestuis que trust* begun under such deed, and continued under a subsequent deed from the same grantor, is not adverse to the trustee, and does not confer title as against the other beneficiaries when held for a period less than twenty years.

SPECIAL PROCEEDING for partition, begun before the Clerk, and upon issues joined transferred to the civil issue docket and heard before *Hoke, J.,* at Fall Term, 1891, of the Superior Court of YADKIN County.

The defendant J. W. Davis answered and set up *sole seizen.* The plaintiffs introduced a deed from Josiah Davis to Stephen Davis, as trustee. Also deed marked "Exhibit B," for the sole purpose of estopping J. W. Davis.

Defendant J. W. Davis introduced a deed from Josiah Davis to J. W. Davis ("Exhibit B").

It was admitted that these deeds covered the *locus in quo.*

Plaintiffs introduced A. J. McCollum, who testified that the plaintiffs and defendants are the children and grandchildren of Josiah Davis and Louisa Davis, and the children referred to in the first deed; that there were nine children, all of age and living at the death of their mother (four sons and five daughters); that three of the daughters were married before the death of their mother, and that T. J. McCollum lived on the lands about one year after the death of their mother, when they married and left. While they were there, J. W. Davis supported them; that Josiah Davis died about two years ago, and his wife Louisa Davis died about twelve or thirteen years ago; that she lived with J. W. Davis on the lands after the deed from Josiah Dayis to J. W. Davis was made and up to the time of her death; that J. W. Davis supported her.

On cross-examination, witness stated that J. W.. Davis had been in possession of the lands, cultivating them, since the death of Louisa Davis "the mother." There was a dispute about it between him and the other children—they were claiming it and he was holding it under his deed; that J. W. Davis has been on lands since the death of Louisa Davis, twelve or thirteen years ago, has cleared and fenced it. He has had exclusive possession since the date of the deed marked "Exhibit B"; that J. F. Davis died about one year ago, and that his children are minors. Plaintiff rested.

Defendant J. W. Davis claims under the deed marked "B," and contends that the claim of the plaintiffs and other defendants is barred by seven years' adverse possession.

The Court ruled that, from the testimony, the plaintiffs and defendants were tenants in common, and so instructed the jury. Judgment accordingly. Defendant J. W. Davis excepted and appealed.

*Mr. T. C.. Phillips,* for plaintiffs.
*Mr. A. E. Holton,* for defendants.

SHEPHERD, J.: We concur with his Honor in his ruling that, taking the whole testimony, the defendant J. W. Davis had not sustained his plea of sole seizen of the land in controversy.

In 1874 Josiah Davis conveyed the land to his brother Stephen, in trust for the use and support of his wife and children, and after the death of the wife it was to be equally divided among them. The appellant, being one of the children, was an equitable tenant in common with his brothers and sisters, and, although he was in possession and took a deed to himself from the same grantor in 1877, charged with different trusts, and conceding that he was not estopped to claim under such deed, still his possession, being less than twenty years, would not have the effect of barring his co-tenants. However uncertain the decisions may have been, this point may now be considered as settled. *Page* v. *Branch,* 97 N. C., 97 ; *Gilchrist* v. *Middleton,* 107 N. C., 663, and cases cited.

It is urged that the trustee is barred, and therefore the estate of the plaintiffs must share the same fate.

The defendant is presumed to have entered under the deed of 1874, as an equitable tenant in common. This being so, his possession was the possession of the trustee, and "there could be no adverse claim or possession during the continuance of the relation" (2 Perry Trusts, 863); "for a *cestui que trust* in actual possession is the tenant at will of the trustee, and the statute of limitations does not apply." Wood Lim., 203; 2 Lewin, Trusts, 881; 2 Perry, Trusts, 863. Holding, as he does, under the trustee he cannot destroy that relation by setting up an adverse possession under a subsequent deed from the same grantor, and even if he could do so, his disclaiming conduct must be of the same character as would create an adverse possession against a co-tenant in common. Buswell on Adverse Possession, § 342.

Affirmed.