REBECCA J. FORBES ET AL. v. E. L. DEANS ET AL.

(Filed 20 February, 1924.)

**1. Bills and Notes—Fraud—Burden of Proof.**

Where the defendant admits the execution of his note sued on, and defends upon the ground of fraud, the burden is on him to prove his defense.

**2. Evidence—Directing Verdict.**

Upon plaintiff's motion for a direction of the verdict upon the evidence, the evidence will be taken in the light most favorable to the defendant, giving him the benefit of all reasonable inferences therefrom.

**3. Vendor and Purchaser—Deeds and Conveyances—Warranty—Fraud—Questions for Jury.**

The plaintiff contracted to sell the defendant his farm, and implements therefor, in contemplation of the latter's possession for the purpose of cultivating it, and delivered to him a deed, with full covenants and warranty. In an action to recover upon the purchase-money notes there was evidence tending to show that defendant was induced to purchase by

FORBES *v.* DEANS.

plaintiff's false representations as to existing liens on the land, which resulted in a receiver, appointed at the suit of the lienors, and the prevention of the defendant's possession and the loss of his title: *Held*, sufficient to take the issue of fraud to the jury.

APPEAL by plaintiffs from *Bond, J.,* at September Term, 1923, of PASQUOTANK.

Civil action to recover $10,300, with interest, upon a note executed by the defendants. Defense is interposed upon the ground that the note was procured by fraud, and that there has been a total failure of consideration.

From a verdict and judgment in favor of defendants the plaintiffs appealed.

*Aydlett & Simpson for plaintiffs.*
*P. W. McMullan for defendants.*

STACY, J. Plaintiffs' chief exception, as stressed on the argument and in their brief, is the one addressed to the refusal of the court to grant their motion for a directed verdict (not motion for nonsuit, *Lester v. Harward,* 173 N. C., 83), upon the ground that no sufficient evidence of fraud had been adduced or offered on the hearing. The defendants, having admitted the execution of the note, thereby assumed the burden of establishing their defense.

On 14 September, 1920, plaintiffs executed to the defendants a deed for the "Rufus Eason" farm, in Gates County, including all crops and all personal or chattel property thereon or used in connection therewith, except the household and kitchen furniture. This deed contained full covenants of seizin, warranty against encumbrances, except those mentioned in the note sued upon. Defendants paid $500 cash and executed the note sued on for the balance of the agreed purchase price. At the time of this purchase defendants estimated the crops and chattel property to be worth $3,500, and there was testimony tending to show that the same was worth from $2,000 to $3,000.

The defendant Deans had secured in June prior to this sale an option upon said farm at a higher price, in which option defendant McDaniel was not interested, and which was never exercised by Deans, who was insolvent. McDaniel did not become interested until September, 1920. On the day of the execution of the note and deed it was agreed that the plaintiff Forbes should retain possession of the farm until 15 October, in order to give plaintiffs time to secure another place and defendant McDaniel time to arrange his affairs at his home in Northampton County. McDaniel thereupon returned home and rented out all of his

land in Northampton for a period of five years, with the intention of returning and taking possession of the "Eason Farm" on 15 October.

Shortly thereafter McDaniel was served with summons in a suit instituted by Mrs. Alphin, Duke Eason, and one Jones against McDaniel, Deans and the plaintiffs to have a receiver appointed for said farm, crops and chattel property, in order to secure the payment of certain liens thereon previously created by the plaintiffs in favor of said Mrs. Alphin, Eason, and Jones.

Returning to Gates County, McDaniel was informed by the plaintiff Forbes that a receiver had been appointed, who had charge of everything, and that he, Forbes, could do nothing. Thereupon, McDaniel and Deans, upon leave obtained, intervened in the receivership suit and filed a complaint, asking the identical relief prayed by them in this suit. A receiver was appointed in the suit of Mrs. Alphin and others, and he immediately assumed and retained charge of all the property conveyed to defendants.

At the time of the transaction above mentioned, defendants allege they were induced to buy by the representations of plaintiff Forbes, upon which they relied—(1) that he owned all the crops on said farm, whereas in truth and in fact two tenants, John Eason and one Briggs, were cultivating portions of the land for a money rent which had been paid; (2) that plaintiffs would discharge the $500 note, with interest, due Jones, and the $1,350 note, with interest, due Duke Eason, secured by a deed of trust to the latter, whereas in truth and in fact plaintiffs had no present intention of discharging said notes, as shown by the fact that he did not discharge them, by his contention upon the trial that he did not owe them, and by the allegation of his reply to the effect that if defendants had paid the note sued on, plaintiffs would have discharged all obligations against the farm except the notes due Jones and Duke Eason; and (3) that, with the exception of said deed of trust to Duke Eason and the liens assumed by defendants in the note sued on, there were no other encumbrances upon said property, whereas in truth and in fact Mrs. Alphin held a note for $500, with interest, secured by a mortgage or deed of trust upon said farm.

The jury answered the issue as to fraud in favor of defendants, and judgment was entered accordingly.

Upon these, the facts chiefly pertinent, we think the jury was amply justified in finding, as it did, that the execution of the note in question was procured by fraud and material misrepresentation on the part of the plaintiffs. On a demurrer to the evidence, and motion for directed verdict, the testimony of the defendants is to be taken in its most favorable light, and "they are entitled to the benefit of every reasonable

intendment upon the evidence and every reasonable inference to be drawn therefrom." *Christman v. Hilliard,* 167 N. C., p. 6.

For a statement as to the meaning and inclusive nature of the term "fraud," see *Oil Co. v. Hunt, ante,* 159.

The record presents no reversible error, and hence the judgment entered below must be upheld.

No error.