## MELISSA LEWIS ET AL. v. WILBUR LEWIS.

### (Filed 26 October, 1927.)

**Tenants in Common—Title—Sole Seizin—Adverse Possession—Burden of Proof—Instructions—Appeal and Error—New Trials.**

Where sole seizin by sufficient adverse possession is pleaded in proceedings to divide lands among tenants in common, and the admissions make out a prima facie case of the tenancy, and the question as to the adverse possession is the only one involved upon the trial, the burden of proof is on the one setting up the defense, and an instruction otherwise is reversible error.

APPEAL by plaintiffs from *Cranmer, J.,* at June Term, 1927, of CARTERET. New trial.

Proceeding for partition of land among tenants in common, tried upon issue raised by defendant's plea of sole seizin. In his answer defendant alleges that he and those under whom he claims had been in the adverse possession of the land described in the pleadings for more than twenty years prior to the commencement of the proceeding.

The only issue submitted to the jury was answered as follows:

"Have the defendant Wilbur Lewis and those under whom he claims been in the adverse possession of the land described in the pleadings for twenty years prior to 1 September, 1926? Answer: Yes."

From judgment on the verdict plaintiffs appealed to the Supreme Court.

*D. H. Willis and Moore & Dunn for plaintiffs.*
*Guion & Guion for defendant.*

CONNOR, J. It is admitted in the pleadings that the land described therein was conveyed by James T. White to Fulford B. Lewis and Lemuel W. Lewis by deed dated 20 September, 1864, and duly recorded in Carteret County.

It is also admitted that plaintiffs are the widow and heirs at law of Lemuel W. Lewis, and claim under him an undivided one-half interest in the land. Defendant is the only heir at law of Fulford B. Lewis. He alleges that his father, Fulford B. Lewis, from 1864 to his death, and that he from his father's death to the commencement of this proceeding, on 1 September, 1926, had been in the actual, open, exclusive and notorious possession of the land, and that he is therefore now the sole owner thereof. There was conflicting evidence as to the facts involved in the allegations in the answer, upon which defendant bases his claim of sole seizin.

The court in its charge upon the only issue submitted instructed the jury as follows:

"The burden is upon the petitioner, Melissa Lewis, and her children to satisfy you by the greater weight of the evidence that he (defendant) has not been in possession of the land adversely for twenty years prior to 1 September, 1926."

Plaintiff's assignment of error, based upon their exception to this instruction, must be sustained.

Upon the admissions in the pleadings, nothing else appearing, plaintiffs and defendants were tenants in common of the land, as alleged in the petition. The only issue submitted to the jury arises upon the allegations in the answer, upon which defendant bases his plea of sole seizin. The burden was upon defendant upon this issue.

*Lester v. Harwood,* 173 N. C., 83, was a proceeding for the partition of land, in which defendants denied the allegation that plaintiffs and defendants were tenants in common. Defendants alleged sole seizin in themselves, claiming that they were owners of the land by adverse possession. It is there held that the burden of proof is upon the plaintiffs when sole seizin is pleaded to prove the tenancy in common, although it will devolve on the defendant to establish adverse possession after a prima facie case of a tenancy in common is made out.

In the instant case the facts which make out a tenancy in common prima facie are admitted. The only issue submitted involved defendant's allegation as to adverse possession. Upon this issue the burden of proof is upon the defendant.

For the error in the instruction as to the burden of proof upon the issue, plaintiffs are entitled to a

New trial.