## W. R. KEEN v. ATLANTIC COAST LINE RAILROAD COMPANY.

### (Filed 19 September, 1928.)

APPEAL by plaintiff from *Nunn, J.,* at April Term, 1928, of JOHNSTON. Affirmed.

*Edward F. Ward and Wellons & Wellons for plaintiff.*
*Abell & Shepard for defendant.*

PER CURIAM. This is an action for actionable negligence brought by plaintiff against defendant for injury to an automobile by defendant's train at Barber Street crossing, in the town of Four Oaks, N. C.

From a perusal of the evidence, we are of the opinion that the judgment of nonsuit in the court below should be sustained.

Affirmed.

---

## MELISSA LEWIS ET AL. v. WILBUR LEWIS.

### (Filed 26 September, 1928.)

APPEAL by plaintiffs from *Grady, J.,* at June Term, 1928, of CARTERET.

Proceeding for partition of lands between plaintiffs and defendant, alleged to be tenants in common.

Defendant interposed a plea of sole seizin, whereupon the cause was transferred to the civil issue docket for trial, which resulted in a verdict and judgment for the defendant.

Plaintiffs appeal, assigning error, in that the court instructed the jury to return a verdict for the defendant if they found the facts to be as testified to by all the witnesses; otherwise their verdict should be for the plaintiffs.

*Moore & Dunn and D. H. Willis for plaintiffs.*
*Guion & Guion for defendant.*

PER CURIAM. As all the evidence of any probative value, adduced on the hearing, tends to support the defendant's plea of sole seizin, with none to defeat it, we cannot say there was error in the peremptory instruction of which the plaintiffs complain. See *Lewis v. Lewis,* this same case, reported in 194 N. C., 406, 139 S. E., 772.

No error.