JOHN L. ROPER LUMBER COMPANY v. RICHMOND CEDAR
WORKS AND DISMAL SWAMP RAILROAD COMPANY.

(Filed 25 February, 1914.)

1. **Limitations of Actions—Tenants in Common—Partition—Color of
   Title—Adverse Possession.**

   An allotment of lands to a tenant in common under a judg-
   ment in proceedings to partition them among all of.the tenants,
   purporting to allot to each tenant his share of the entire estate
   in severalty, is color of title as to the share allotted or purparty,
   and seven years adverse possession of such tenant thereunder,
   or those claiming under him by deeds, will ripen the title
   thereto.

2. **Limitations of Actions—Foreign Wills—Defective Probate—Color
   of Title.**

   A will purporting to devise certain lands, sufficiently. describ-
   ing them, is color of title, though made in another State and
   defective as to the probate here.

APPEAL by defendant from *Bragaw, J.,* at July Term, 1913,
of CAMDEN.

This is an action to recover damages for trespassing upon
land known as the Whitehead tract, and being Lot No. 12 in
the New Lebanon Division. The same case was before us at a
former term, and is reported in 158 N. C., 161, and involved
the claim of the defendant to an easement or right of way over
the land, for the purpose of operating a tramroad and hauling
lumber thereon over and across said land. We then denied the
existence of any such right, defendant admitting that plaintiff
owned the land. Defendant has since amended its answer and
set up title to Lot No. 12, and plaintiff cannot recover for the
alleged trespass unless he has shown a title to the same, giving
him constructive possession thereof, which it has attempted to
do, and, as we think, has succeeded in doing.

The sole claim of plaintiff, in view of the restrictive charge
of the court, is that it has acquired title by color and seven years
adverse possession. We are confined to the decision of this one
question, as the case was so submitted to the jury, although

plaintiff seems to have insisted upon his title to the land as established by an open, adverse, and continuous possession, under a claim of right, for twenty years prior to the bringing of the action. Plaintiff introduced in evidence the record of the New Lebanon Division, which shows that Lot No. 12 was allotted to W. B. Whitehead, and by mesne conveyances the plaintiff has acquired his title. The defendant alleges that the parties to that partition, or some of them, claimed as devisees of Josiah Riddick, of Soldiers' Hope, in Nansemond County, Virginia, whose will has never been properly probated and recorded in this State, where the land in controversy is situated. We think it would be unprofitable to enter upon an examination of this contention for the purpose of deciding whether it is a valid will or whether it has been properly proved and recorded here or not, as our decision can well be made to turn upon another feature of the case. If it be granted that the will is not valid and sufficient in this State to pass the land devised in it because of the defective probate, the plaintiff has made out his case in another way, not connected with the will, as a valid instrument, and not, therefore, dependent upon its validity, for, as stated, it has shown in evidence a partition of the lands in 1846, between William B. Whitehead and the devisees of Josiah Riddick, Lot No. 12 having been set apart to William B. Whitehead, and plaintiff having acquired whatever title Whitehead got in this division by mesne conveyances from him. It seems that there had been a previous partition between Mills and Josiah Riddick and others in 1817, known as the New Lebanon Division, by which certain lands, embracing those now in dispute, were allotted to Mills and Josiah Riddick. Mills Riddick conveyed his interest to William B. Whitehead, between whom and the devisees of Josiah Riddick, claiming under the will above described, the division in 1846 was made by the court. Defendant appealed.

*W. B. Rodman, A. D. McLean, and J. K. Wilson for plaintiff.*
*Ward & Thompson, Charles Whedbee, Starke & Tillitt, and Winston & Biggs for defendant.*

WALKER, J., after stating the case: The question now presented for our decision is, whether the partition of 1846 and the allotment to William B. Whitehead and the deeds of those claiming under him are, in law, good color of title, for the jury have found that plaintiffs have had adverse possession of the land for a sufficient time to ripen their title, provided we settle the other question in their favor. We are aware that this Court has held that a deed by one tenant of the entire estate held in common is not sufficient to sever the unity of possession by which they are bound together, and does not constitute color of title, as the grantee of one tenant takes only his share and "steps into his shoes." In such case, twenty years of adverse possession, under a claim of sole ownership, is required to bar the entry of the other tenants, under the presumption of an ouster from the beginning raised thereby. *Cloud v. Webb,* 14 N. C., 317; *Hicks v. Bullock,* 96 N. C., 164; *Breeden v. McLaurin,* 98 N. C., 307; *Bullin v. Hancock,* 137 N. C., 189, and *Dobbins v. Dobbins,* 141 N. C., 210, where the other cases are collected.

We are not inadvertent to the fact that this State stands alone in the recognition of this principle, the others holding the contrary, that such a deed is good color of title (1 Cyc., 1078 and notes); but it has too long been the settled doctrine of this Court to be disturbed at this late day, as it might seriously impair vested rights to do so. It should not, though, be carried beyond the necessities of the particular class of cases to which it has been applied, but confined strictly within its proper limits; otherwise we may destroy titles by a too close attention to technical considerations growing out of this particular relation of tenants in common, and more so, we think, than is required to preserve their rights. This view has, within recent years, been thoroughly sanctioned by the Court.

It has been held that where less than the whole number of tenants join in a proceeding to sell the common estate for partition, and the same is sold, a deed made under order of the court to the purchaser is color of title, and seven years adverse

possession thereafter by him under the deed will bar the cotenants who were not parties. *Amis v. Stephens,* 111 N. C., 172 (opinion by the present *Chief Justice*), citing The Code, secs. 141, 148; *McCulloh v. Daniel,* 102 N. C., 529, and *Johnson v. Parker,* 79 N. C., 475.

It will be found in the case first cited that there were tenants who were not made parties to the proceeding at law, and yet they were held to be barred by the adverse possession of seven years; and this was because the court attached importance to the fact that the deed had been made under a decree in a judicial proceeding which closely resembled one made by a stranger to the title held by the cotenants. Only a part of the estate held in common was sold for partition, but the parties to the proceeding claimed the entirety in that part, or purparty, as it is technically called. The case strongly resembles this one, in that the proceeding was brought to divide 70 acres of a larger tract among the heirs of B. D. Paylor, who had purchased the same presumably under an order in a proceeding in equity for the partition of the larger tract. The plaintiffs alleged that they had not been made parties to the last mentioned proceeding, and sued to recover their interest in the tract of 70 acres from the defendants, who had bought the same at the sale thereof in the proceeding for its partition. The Paylor heirs claimed the entire interest in the 70 acres, as did Whitehead and the Riddicks in the land partitioned in 1846, and this Court held that the deed for the 70 acres to the purchaser was color of title, and seven years adverse possession thereunder barred the cotenants not made parties to the first partition or to the second, and the case was approved in *Ferguson v. Wright,* 113 N. C., 537, the distinction being made that the title derived under the court proceeding purported to be adverse to all of the tenants, the land having been sold as an entirety, in disregard of any community of estate. This being equivalent to a disseisin, it followed that seven years adverse possession barred under the statute.

The only difference between that case and this one is, that here there was an actual partition, and Lot No. 12 was allotted

to Whitehead in the partition, instead of being sold and conveyed to him as a purchaser thereof at a sale for partition. But there is no difference in principle between the two, for in both the Court deals with the entire interest, the rights of the cotenants being ignored by not making them parties. If they are barred in the one case, there is no valid reason why they should not be in the other. In deciding this question, though, the proceeding at law is to be regarded as having the force and effect that a deed of one not connected with the tenancy would have. It purports to sever the relation of all the cotenants, whether it does so in law or not, at the time, as against those tenants not made parties to it.

In this case the court divided the land among the devisees of Josiah Riddick and William B. Whitehead, as the sole owners thereof. All the devisees of Riddick were parties, as appears by the record, as the division is said to have been made among them. The proceeding professes to pass the entire interest in the land, and not merely the purparties of some of the cotenants. It comes manifestly within the definition of color in *McConnell v. McConnell*, 64 N. C., 342, which is stated to be, not a writing which in law passes the title, but one which professes to do so, but fails in that respect, either from want of title in the person making it or from the defective mode of conveyance employed, with this qualification, that the defect must not be so obvious that a man of ordinary capacity could not be misled by it, excluding, though, from our consideration the presumption generally applicable, that every man knows the law.

*McConnell's case*, in which *Justice Rodman* delivered a most lucid opinion, has often been approved by this Court, notably in *Greenleaf v. Bartlett*, 146 N. C., 495 (opinion by *Justice Connor*), where the authorities are collected. The Court there adopted the dissenting views of *Chief Justice Taney* and *Justice Catron* in *Moore v. Brown*, 11 How. (U. S.), 414, where it is said: "If every legal defect in the title papers of a purchaser in possession, as they appear on the record, may be used against him after the lapse of seven years, the law itself is a nullity and protects nobody. The statute has no reference to

titles good in themselves, but was intended to protect apparent titles void in law, and supply a defense where none existed without its aid. Its object is repose. It operates inflexibly and on principle, regardless of particular cases of hardship. The condition of society and the protection of ignorance, as to what the law was, required the adoption of this rule. The law should be liberally construed."

If we adopt this principle and apply it to the facts of our case, it follows, we think, that the Whitehead allotment, as well as the will of Josiah Riddick, is color of title; the allotment, because the proceedings at law in which it was made profess to operate upon the entire estate in the land as being in the cotenants named therein; and the will, because if defectively probated, it is not a whit more defective than was the will of John McConnell, which was held to be good color of title; it is really less defective, and is more apt to mislead a man of ordinary capacity, for we may go further and say that a very serious question has been presented to us, as to whether the probate is not a valid one, though we do not decide it.

There are other considerations which, perhaps, would lead us to the same conclusion we have reached, but they need not be stated, as those already mentioned are quite sufficient to support the judgment. The other assignments of error are based upon a view of the law contrary to the one we have adopted, and must consequently be overruled. The jury have found that plaintiff has had sufficient adverse possession of the land in dispute for seven years under color to bar the defendant's right, if they ever had any, and as the State has parted with the original title, judgment was properly entered in favor of the plaintiff, upon the verdict.

No error.

BROWN, J., did not sit.