BINA H. LESTER ET AL. v. J. H. HARWARD ET AL.

(Filed 7 March, 1917.)

**1. Tenants in Common—Issues—Pleadings—Sole Seisin.**

Where the pleadings raise the issue as to whether the plaintiff and defendants, in proceedings originally instituted to partition lands, are tenants in common, as heirs at law of a common ancestor, it is not sufficient to submit but one issue as to sole seisin claimed by defendants, for if answered in the negative it would not be determinative or support a judgment.

**2. Tenants in Common—Sole Seisin—Burden of Proof—Nonsuit.**

Where the defendants plead sole seisin in proceedings to partition lands, the burden of proof is with the plaintiff, which will devolve upon the defendant to establish adverse possession, when relied upon for title, after a *prima facie* case of tenancy in common is made out, and a motion for judgment of nonsuit on such defense cannot be allowed.

**3. Tenants in Common—Title—Adverse Possession—Limitation of Actions.**

Where the plaintiff and defendants claim the land sought to be partitioned among them as tenants in common, as heirs at law of the deceased owner, the latter as grandchildren, and it appears that one of the defendants had lived on the land with her father, who continuously occupied and exclusively used it as sole owner during her life, and thereafter it was so continuously used by the other defendants, covering altogether a period of twenty years: *Held*, such adverse possession ripens the title to the lands in the defendants. *Dobbins v. Dobbins*, 141 N. C., 216, cited and applied.

CIVIL ACTION, tried before Stacy, J., at August Term, 1916, of CHATHAM.

This is a proceeding for the sale of land for partition, tried in the Superior Court upon the defendants' plea of sole seisin.

It was admitted in this Court that W. B. Harward, the father of the *feme* plaintiff, and the grandfather of the defendants, was originally the owner of the land in controversy, and that the plaintiff and the defendants are his heirs at law.

The defendants claimed that they were the owners of the land by adverse possession, held by their father, Needham B. Harward, and themselves.

LESTER *v.* HARWARD.

At the conclusion of the evidence his Honor ruled that there was no evidence of adverse possession to be submitted to the jury, and the defendants excepted.

Judgment was rendered in favor of the plaintiff, and the defendants excepted and appealed.

*Fred W. Bynum and Hayes & Gibbs for plaintiff.*
*L. L. Tilley for defendants.*

ALLEN, J. The case on appeal, which was not settled by the judge, and the record show several irregularities.

The complaint and answer raise the issue as to whether the plaintiff and defendants are tenants in common of the land described in the complaint, while the issue submitted to the jury was as to the sole seisin of the defendants, which, in the absence of admissions by the parties, would not be determinative, nor sufficient to support the verdict.

It does not follow that the plaintiff and defendants are tenants in common because the defendants are not sole seised, unless there is an admission to this effect.

Again, the burden of proof was placed on the defendants, and at the close of the evidence a motion for judgment as of nonsuit on the defendants' evidence was allowed.

The burden of proof is on the plaintiff when sole seisin is pleaded (*Huneycut v. Brooks,* 116 N. C., 793), although it will devolve on the defendant to establish adverse possession after a prima facie case of a tenancy in common is made out, and there is no precedent for a judgment of nonsuit of a defense.

It is probable the case on appeal does not state accurately the action of the court (and our knowledge of the learned judge before whom the trial was had leads to this conclusion), and that his ruling was that the defendants had not offered sufficient evidence of adverse possession to justify submitting it to a jury, and we will so treat it.

The plaintiff testified that she had never received any rents from the land; that her father, the common source of title, died between 1861 and 1865, and that the father of the defendants, N. B. Harward, was in possession of the land until his death, three or four years ago.

One of the defendants also testified that she was a daughter of N. B. Harward and was 28 years of age; that she was born and reared on the land, and lived on it until her father died, and that she and the other defendants had been in possession and had collected the rents since the death of her father.

This furnishes evidence of an exclusive possession for twenty years in the defendants and those under whom they claim, and under our

decisions such possession by one tenant in common raises a presumption of an ouster and, unexplained, will bar the other tenants.

"The possession of one tenant in common is in law the possession of all his cotenants, because they claim by one common right. When, however, that possession has been continued for a great number of years, without any claim from another who has a right, and is under no disability to assert it, it will be considered evidence of title to such sole possession; and where it has so continued for twenty years, the law raises a presumption that it is rightful, and will protect it. This it will do as well from public policy, to prevent stale demands, as to protect possessors from the loss of evidence from lapse of time. Possession, then, for twenty years under the above circumstances will amount to a disseisin or ouster of the cotenant, and furnishes a legal presumption of the fact necessary to uphold an exclusive possession—as that the possession was adverse in its commencement, and tolls the entry of the tenant not in possession." *Black v. Lindsay,* 44 N. C., 467.

This authority was approved in *Dobbins v. Dobbins,* 141 N. C., 216, where the principle is fully discussed and the cases collected.

It was, therefore, error to refuse to submit the evidence of adverse possession to the jury.

We have not considered the effect of the coverture of the plaintiff, as it does not appear when she was married.

New trial.