T. L. COX v. JOHN A. WRIGHT and MRS. JOHN A. WRIGHT.

(Filed 30 October, 1940.)

1. **Descent and Distribution § 16: Partition § 5—Plaintiff in partition is entitled to prove title by records showing his purchase at sale to make assets to pay debts of deceased tenant in common.**

   In this proceeding for partition, defendants claimed sole seizin. The evidence tended to show that defendants' grantor owned an undivided interest in the *locus in quo* as tenant in common with her brother, that defendants' grantor was the sole heir at law of her brother and executed deed to defendants purporting to convey the entire tract of land less than two months after her brother's death. Plaintiff introduced in evidence testimony of the brother's administrator that he had sold the brother's interest in the land to make assets to pay debts of the estate, and offered in evidence court records of the summons, pleadings, judgment and confirmation, and deed executed by the commissioner to plaintiff in the pro-

ceeding to sell lands to make assets, and the judgment in plaintiff's favor against the estate of the brother. *Held:* Since a deed by an heir executed within two years of the intestate's death is ineffective as against creditors of intestate's estate, Michie's Code, 76, the record evidence, properly authenticated, was competent to prove plaintiff's title as tenant in common.

**2. Executors and Administrators § 13c—**

The commissioner's deed to the purchaser at the sale of lands of intestate to make assets is *prima facie* evidence of regularity in the sale.

**3. Process § 10—**

A summons containing an acceptance of service signed by the defendants is *prima facie* evidence of service and is competent evidence without proof of the signatures.

**4. Evidence § 34—**

The court records in a former proceeding may be proven by the original records themselves, and the fact that they are produced from the proper custody and show on their face that they are court records is *prima facie* evidence of their identity, authenticity and genuineness.

**5. Adverse Possession § 4a—Tenant in common must hold exclusive possession for twenty years in order to ripen title by adverse possession against co-tenant.**

A brother and sister owned the *locus in quo* as tenants in common. The sister was the sole heir at law of her brother, and within two months after his death executed deed purporting to convey the entire interest in the lands to defendants. Defendants went into possession and remained in exclusive possession for fourteen years. Plaintiff purchased the brother's interest in the land at the sale to make assets to pay debts against the brother's estate. *Held:* Although defendants went into possession of the entire *locus in quo* under their deed purporting to convey the entire estate, they nevertheless held possession as tenants in common with plaintiff who had succeeded to the brother's interest, since in contemplation of law their possession conformed to their true and not their pretended title, and their deed does not constitute color of title against their cotenant and their possession does not ripen title in them by adverse possession, twenty years exclusive possession being necessary to ripen title as against a cotenant under the presumption of an original ouster.

Appeal by plaintiff from *Sink, J.,* at July Term, 1940, of Randolph. Reversed.

This is a civil action, which was instituted by the plaintiff as a special proceeding in the Superior Court of Randolph County for the partition, or sale for partition, of fifty acres of land in that county. Upon the defendants' filing an answer denying that the plaintiff had any interest in the said lands and pleading sole seizin, the cause was transferred to the civil issue docket.

The fifty acres of land in controversy is really made up of two tracts of land, one containing thirty acres and the other twenty acres. It was agreed by both the plaintiff and the defendants, at the beginning of the

trial, that the thirty-acre tract described in the petition originally belonged to Stephen W. Cox and Joe T. Cox, neither of whom ever married or had any children. They were brothers, and had one sister, Mehetable A. Cox. They constituted the entire family, and none of them ever married. Stephen W. Cox died on 1 May, 1924, intestate, and leaving as his only heirs at law the said Joe T. Cox and Mehetable A. Cox. Joe T. Cox then owned one-half of the said thirty-acre tract by purchase and acquired a one-fourth interest therein by inheritance from Stephen W. Cox; and he, therefore, owned a three-fourths undivided interest in said land. Mehetable A. Cox acquired a one-fourth undivided interest in said land by inheritance from her brother, Stephen W. Cox. Therefore, Joe T. Cox and Mehetable A. Cox were tenants in common of the said thirty-acre tract of land, he owning a three-fourths undivided interest therein, and she a one-fourth undivided interest.

The twenty-acre tract of land described in the petition was owned by Stephen W. Cox, Joe T. Cox and Mehetable A. Cox, together, as tenants in common, each having a one-third undivided interest therein. Upon the death of Stephen W. Cox, Joe T. Cox and Mehetable A. Cox inherited his one-third undivided interest, and thereupon became the owners of the whole tract, each having a one-half undivided interest in the same.

Joe T. Cox died intestate on 3 November, 1925, leaving as his only heir at law the said Mehetable A. Cox, his sister.

On 28 December, 1925, the said Mehetable A. Cox conveyed the said thirty-acre tract and the said twenty-acre tract, describing the same as one tract of fifty acres, to the defendant, John A. Wright, by deed which was registered in the office of the register of deeds for Randolph County on 28 December, 1925, in Record of Deeds No. 220, at page 509.

N. T. Cox was appointed as administrator of the estate of Joe T. Cox, deceased, on 10 July, 1930.

The plaintiff, T. L. Cox, presented a claim against the estate of Joe T. Cox to the said administrator. As there was no personal property found by the administrator belonging to said estate, he brought a proceeding to obtain an order of the court to sell the real estate of the said Joe T. Cox, to make assets to pay the said claim. In pursuance thereof, the said N. T. Cox, as commissioner appointed by the court to make the said sale, conveyed to this plaintiff, T. L. Cox, a three-fourths undivided interest in three tracts of land, the first containing 87 acres, the second 65 acres, and the third 100 acres, and a one-half undivided interest in a fourth tract, by a deed bearing date of 9 March, 1937, and registered in the office of the register of deeds for Randolph County, in Book No. 288, at page 54, on 9 March, 1937.

The thirty-acre tract described in the petition, and above referred to, is included within the boundaries of the 64, or 65-acre tract described in the deed to T. L. Cox, the plaintiff; and the twenty-acre tract, described in the petition, and above referred to, is included within the boundaries of the 100-acre tract described in the deed to T. L. Cox.

The plaintiff appellant contends that when N. T. Cox, commissioner, conveyed to him the three-fourths interest in the 65-acre tract and the 100-acre tract described in the deed to him, the said commissioner was conveying to him the interest of Joe T. Cox, deceased, in the said lands; and that he, the plaintiff, stands in the shoes and place of the said Joe T. Cox with respect to the said lands.

The plaintiff further contends that since Mehetable A. Cox only owned a one-fourth undivided interest in the said thirty-acre tract and a one-half undivided interest in the said twenty-acre tract conveyed by her to the defendant John A. Wright, that is all the interest she could convey in the same, and that is all the interest that the said John A. Wright acquired in the same. The plaintiff, therefore, contends that he and the defendant John A. Wright are tenants in common of the said lands, he owning a three-fourths undivided interest in the thirty-acre tract and a one-half undivided interest in the twenty-acre tract. In pursuance of this contention the plaintiff brought this proceeding in order that he might hold his said interests in the said lands, or in the proceeds from the sale thereof, in severalty.

At the conclusion of the plaintiff's evidence, the trial judge granted the motion of the defendants for judgment as of nonsuit. From this judgment the plaintiff excepted, assigned error and appealed to the Supreme Court. The other exceptions and assignments of error made by plaintiff and the other material facts will be set forth in the opinion.

*J. G. Prevette and Daniel L. Bell for plaintiff.*
*E. A. Wright and Z. I. Walser for defendants.*

Clarkson, J. The defendants in their brief do not deny that the above statement of facts set forth by plaintiff is correct, if the documents offered by plaintiff had been admitted in evidence.

The defendants' first question: "Did the court below err in excluding the summons in the partition case of 'N. T. Cox, Admr. of the Estate of J. T. Cox, deceased, v. T. L. Cox, R. A. Cox, Bettie L. Cox, Mrs. C. L. Dixon, Nannie Hinshaw, Walter Stout, Ada L. Stout, W. C. Cox, heirs at law of J. T. Cox, deceased'?" We think so.

Mehetable A. Cox, at the death of Joe T. Cox, her brother who died intestate, became the owner of the fifty-acre tract of land in controversy (two tracts of land, one containing 30 acres and the other 20 acres),

subject to the debts of her brother.   Before the death of her brother she was a tenant in common with him, owning a one-fourth undivided interest in the 30-acre tract and one-half undivided interest in the 20-acre tract.   Joe T. Cox, at the time of his death, 3 November, 1925, owed T. L. Cox, the plaintiff, $1,500.00, which was reduced to judgment at Special October Term, 1931, in an action entitled "T. L. Cox *v.* N. T. Cox, Admr. of the Estate of Joe T. Cox, deceased."

N. C. Code, 1939 (Michie), sec. 76, is as follows: "Land conveyed by heir within two years sold.—All conveyances of real property of any decedent made by any devisee or heir at law within two years of the death of the decedent, shall be void as to the creditors, executors, administrators and collectors of such decedent but such conveyances to *bona fide* purchasers for value and without notice, if made after two years from the death of the decedent, shall be valid even as against creditors. Provided, that if the decedent was a nonresident, such conveyances shall not be valid unless made after two years from the grant of letters. But such conveyances shall be valid, if made five years from the death of a nonresident decedent, notwithstanding no letters testamentary or letters of administration shall have been granted."

The amendment of 1935 made the limitation begin to run from the death of the decedent rather than from the grant of letters.   The proviso as to nonresidents is new.   The 1939 amendment, which added the last sentence, provided that it should not affect pending litigation nor prior conveyances.   The conveyances, under this section, are only conditionally void, *i.e.,* contingent upon the personal estate proving insufficient to pay the debts.   *Davis v. Perry,* 96 N. C., 260; see, also, *Bank v. Zollicoffer,* 199 N. C., 620 (623).

The language of the above section is clear.   Joe T. Cox died on 3 November, 1925, and Mehetable A. Cox on 28 December, 1925, made a deed to the defendant John A. Wright for the land in controversy, within two years.   This deed was void as to creditors.   In a special proceeding to sell the land for assets, plaintiff offered evidence:

(1) Record of Administrators Book "H," page 1, showing the appointment of N. T. Cox as administrator of Jos. T. Cox, on 10 July, 1930. No exception was taken to this.

(2) Plaintiff offered in evidence summons of "N. T. Cox, Admr. of the Estate of J. T. Cox, deceased, *v.* T. C. Cox and others, for Mr. and Mrs. L. B. Lambert," duly served by the sheriff.   No objection to this.

(3) Summons of "N. T. Cox, Admr. of the Estate of J. T. Cox, deceased, *v.* T. L. Cox, Bettie L. Cox, Mrs. C. L. Dixon, Nannie Hinshaw, Walter Stout, Ada L. Stout, W. C. Cox, heirs at law of J. T. Cox, deceased."   On this summons is the following: "We the undersigned hereby accept service on the within summons and waive all time in

which to answer. This May, 1935. Bettie L. Cox, Mrs. C. L. Dixon, Mrs. Nannie Hinshaw, Ada L. Stout, Walter Stout, T. L. Cox."

(4) Plaintiff offered petition and amended petition and reply, filed by N. T. Cox, petitioner, in the case of "N. T. Cox, Admr. of the Estate of J. T. Cox, deceased, v. T. L. Cox." Plaintiff offered answer filed by L. B. Lambert and Mrs. L. B. Lambert in the case, or proceeding, entitled "N. T. Cox, Admr. of the Estate of J. T. Cox, deceased, v. T. L. Cox, et al." Plaintiff offered judgment rendered by Cowper, J., in the Superior Court of Randolph County, at the July Term, 1936, in the said case, or proceeding, of "N. T. Cox, administrator of J. T. Cox, deceased, v. T. L. Cox, et al."

(5) Plaintiff offered judgment of confirmation by Hill, J., rendered in the Superior Court of Randolph County in said case, or proceeding, entitled "N. T. Cox, Administrator of the Estate of J. T. Cox, deceased, v. T. L. Cox, et al."

(6) Plaintiff offered deed by N. T. Cox, administrator of J. T. Cox, deceased, to T. L. Cox, plaintiff.

(7) Plaintiff introduces Judgment Roll A-7820, entitled "T. L. Cox v. N. T. Cox, Administrator of the Estate of Joe T. Cox, deceased," and offered the judgment signed by his Honor, N. A. Sinclair, Judge presiding, in said case at the Special October Term, 1931, of the Superior Court of Randolph County, being a judgment in favor of the said T. L. Cox and against N. T. Cox, administrator, for $1,500.00.

Objection by defendants to all the above sustained. Plaintiff excepted. We think that none of the objections made by defendants can be sustained.

N. T. Cox testified for plaintiff: "I live at Greensboro. I was appointed as administrator of the estate of Joe T. Cox. The plaintiff T. L. Cox presented a claim against the estate of Joe T. Cox to me. There was no personal property that I found in the estate of Joe T. Cox. I made an effort to find some personal property. The assets I did find were real estate. That claim, to the best of my recollection, was about $1,500.00. I sold the real estate to make assets to pay the judgment. I was present at the sale of the real estate. The land described in the deed from N. T. Cox, administrator, to T. L. Cox, is the land that I sold. I am a brother to the plaintiff T. L. Cox." This was unobjected to.

In the judgment of Cowper, J., before setting forth the facts on which the judgment is predicated, is the following: "This cause coming on to be heard before his Honor, G. Vernon Cowper, Judge presiding at the July Term, 1936, Superior Court of Randolph County, upon the petition of the plaintiff, N. T. Cox, Admr. of the estate of J. T. Cox, deceased, and the answer filed by the defendants L. B. Lambert and

Mrs. L. B. Lambert, and it appearing to the court that none of the other defendants have filed any answer or other plea. And the court finds from the pleadings and from the admissions of counsel for the petitioner and the answering defendants made in open court, that the facts in this cause are as follows," etc.

It will be noted that the parties who accepted service are making no contention that the record does not import verity.

The evidence, unobjected to, of N. T. Cox, the administrator, was, "I sold the real estate to make assets," etc. "The land described in the deed from N. T. Cox, Admr. of T. C. Cox, is the land that I sold." It is the land in controversy in this action.

In *Black v. Chase,* 145 Iowa, 715 (720), it is said: "The signature to the waiver, dated, etc., is *prima facie* evidence of the service. It is to be regarded by the court in the same light as the signature to a pleading," citing authorities.

With the summons in evidence showing acceptance, the testimony of the administrator that he sold the real estate to make assets and made the deed, which we think presumes regularity and the objection not being made by parties affected, is at least *prima facie* evidence.

The first contention of defendants: (1) "Did the court err in excluding the summons set out in the record?" (2) "Did the court err in excluding the judgment roll as a whole or in excluding each of the documents separate?" We have set forth our reasons as to the first. As to the second, as far as we can glean from the records introduced in evidence, they were material to the controversy and were original records.

In *Blalock v. Whisnant,* 216 N. C., 417 (420), it is stated: "The contents of a public record may be proven in any court by the original record itself. *S. v. Voight,* 90 N. C., 741; *Iron Co. v. Abernathy,* 94 N. C., 545. See, also, *Riley v. Carter,* 165 N. C., 334, 81 S. E., 414, where the Court said: 'While certified copies of records are admitted in evidence, the originals are not thereby made incompetent.'"

From the evidence we think the records were produced from the proper custody, at least they showed on their face that they were court records, etc., and at least *prima facie* evidence of their identity, authenticity and genuineness.

The last question presented by defendants: (4) "Did the court err in granting a nonsuit (a) because the evidence of the plaintiff showed that the defendants had been in possession of the lands under a recorded deed for fourteen years, (b) or that the plaintiff by any admitted evidence had not shown any chain of title?" We think the nonsuit improperly granted.

The chain of title of both litigants came from a common source and the parties were tenants in common. The answer of defendants says:

"That defendant John A. Wright purchased the said lands on December 29, 1925, and has a fee simple deed therefor recorded in the office of the register of deeds of Randolph County, in Book 220, page 509, and that since said date he has been in the sole, exclusive and adverse possession thereof, and is now in the sole, adverse and exclusive possession thereof."

In *Alexander v. Gibbon,* 118 N. C., 796 (798), it is said: "It is admitted, as claimed by defendant, that when sole seizin is pleaded, in a proceeding among tenants in common for partition, it becomes substantially an action of ejectment. *Huneycutt v. Brooks,* 116 N. C., 788. And it then becomes subject to the rules of law applicable to trials in actions of ejectment—that plaintiffs must recover by the strength of their own title, and not on the weakness of defendant's title. This is the doctrine enumerated in *Huneycutt v. Brooks, supra.*"

In *Woodlief v. Woodlief,* 136 N. C., 133 (137), *Connor, J.,* says: "In *Day v. Howard,* 73 N. C., 1, *Pearson, C. J.,* says: 'There is a fellowship between tenants in common, the law assumes that they will be true to each other; the possession of one is the possession of all and one is supposed to protect the right of his cotenants and is not tolerated in taking an adversary position unless he acts in such a manner as to expose himself to an action by his fellows on the ground of a breach of fealty; that is an actual ouster. . . . If a tenant in common conveys to a third person, the purchaser occupies the relation of a tenant in common, although the deed purports to pass the whole tract and he takes possession of the whole, for in contemplation of law his possession conforms to his true and not to his pretended title.' In *Covington v. Stewart,* 77 N. C., 148, it is held that the possession of one tenant in common is the possession of all, but if one have the sole possession for twenty years without acknowledgment on his part of title in his cotenants, and without any demand or claim on the part of such cotenants to rents, profits or possession, he being under no disability during the time, the law in such cases raises a presumption that such sole possession is rightful and will protect it.' It is also held in that case that under our statute of limitations such sole possession vests title. *Neely v. Neely,* 79 N. C., 478; *Caldwell v. Neely,* 81 N. C., 114; *Ward v. Farmer,* 92 N. C., 93; *Hicks v. Bullock,* 96 N. C., 164." To the same effect is *Page v. Branch,* 97 N. C., 97.

In *Crews v. Crews,* 192 N. C., 679 (685), we find: "This Court has held that *a deed by one tenant in common, conveying to his grantee the entire estate in the land, is not color of title as against his cotenants,* so that possession under such a deed by the grantee, and *those who claim under him, for seven years,* does not bar an action by cotenants to be let into possession of the land, according to their respective interests. *Lumber Co. v. Cedar Works,* 165 N. C., 83, and cases cited. 'In such

*cases, twenty years of adverse possession, under a claim of sole owner-ship,* is required to bar the entry of the other tenants, under the pre-sumption of an ouster from the beginning raised thereby.' *Lumber Co. v. Cedar Works,* 168 N. C., 344. The principle supported by authorita-tive decisions of this Court is as follows: Where the grantee of a tenant in common, who enters into possession under a deed conveying to him the entire tract of land and those who claim under such grantee, *have been in the exclusive, quiet, and peaceable possession of the whole of said land, for twenty years or more, the law presumes that there was an actual ouster,* not at the end of the period, but at the beginning, and that the subsequent possession was adverse to the cotenant, who was out of possession." (Italics ours.) *Stallings v. Teeter,* 211 N. C., 298.

From the authorities cited, we think the positions taken by defendants cannot be sustained and the evidence objected to was competent, and as between tenants in common an adverse possession for 20 years by one tenant in common is necessary to bar his cotenants. The possession of defendant John A. Wright had existed some 14 years at the time this proceeding was instituted.

For the reasons given, the judgment of the court below is