THE TOWN OF WINTON v. JOHN A. SCOTT; MRS. JOHN A. SCOTT; JOHN W. ELEY; JANICE B. ELEY; ARMSTEAD VANN; HEIRS, DEVISEES, AND ALL OTHER PERSONS CLAIMING UNDER ARMSTEAD VANN; MATILDA VANN; HEIRS, DEVISEES, AND ALL OTHER PERSONS CLAIMING UNDER MATILDA VANN; SOLOMON VANN; HEIRS, DEVISEES, AND ALL OTHER PERSONS CLAIMING UNDER SOLOMON VANN; SARAH VANN; HEIRS, DEVISEES, AND ALL OTHER PERSONS CLAIMING UNDER SARAH VANN; ARZULA VANN; HEIRS, DEVISEES, AND ALL OTHER PERSONS CLAIMING UNDER ARZULA VANN

No. 856SC1155

(Filed 6 May 1986)

**1. Adverse Possession § 7— ouster of cotenant—insufficient evidence**

Stipulations and documents showing that certain individuals owned a 60-acre tract of land as cotenants with a third party or her successors in interest were insufficient to show ouster by the individuals of their cotenant.

**2. Adverse Possession § 17.1— deed not color of title against cotenant**

A deed purporting to convey the whole estate was not color of title as against the grantors' cotenant.

**3. Eminent Domain § 16— ownership of condemned property—cotenant's successors**

The trial court did not err in awarding an interest in the condemned property to a cotenant's successors because it was not proven that any of her successors were in existence when the property was condemned.

**4. Quieting Title § 2.2; Trespass to Try Title § 4— Real Property Marketable Title Act—cotenant's interest not extinguished**

A cotenant's interest in land was sufficiently disclosed so as to preclude extinguishment of the interest under the Real Property Marketable Title Act where the chain of title under which the challengers claimed their interest in the land specifically refers by book and page number to a deed conveying the property to their predecessors in title and the cotenant. N.C.G.S. § 47B-3(1).

**5. Deeds § 6.1— clerk's certification—presumption of proper execution**

Evidence that signatures of four of the grantors in a deed were witnessed by a person with a different middle initial than the person who proved execution of the deed to the clerk of court was insufficient to rebut the presumption from the clerk's certification that the document was properly executed.

**6. Quieting Title § 2.2; Trespass to Try Title § 4— Real Property Marketable Title Act—cotenant's interest extinguished**

A cotenant's claim to title was extinguished under the Real Property Marketable Title Act where the conveyance to the challengers' predecessor in title was more than 30 years prior to the date of this action and did not refer to a muniment of title which would reveal the latent defect in the title. N.C.G.S. § 47B-3(1).

Judge PHILLIPS concurring in part and dissenting in part.

APPEAL by defendants from *Small, Judge.* Judgment entered 16 August 1985 in Superior Court, HERTFORD County. Heard in the Court of Appeals 6 March 1986.

This is an eminent domain proceeding instituted by the Town of Winton to obtain certain property for the town's sanitary sewer project. The Scotts, Eleys and Vanns were alleged to have an interest in the subject property. Following title investigation the matter was presented to the court for consideration of all issues other than compensation.

The following evidence was presented to the court by way of title documents and stipulations. On 4 February 1895 James N. Holloman conveyed to Moses Vann a certain tract of land known

as the Island Track which contained 120 acres more or less. The deed was recorded in Book U at Page 138 of the Hertford County Registry. Sometime prior to 13 April 1904 Moses Vann died intestate survived by his widow Fleeta and six children: Annie J., Matilda, Solomon, Sarah, Arzula and Armstead. On 13 April 1904 Annie, Matilda, Sarah, Solomon and Arzula signed a deed which purported to convey their interest in the 120 acres to Albert T. Beverly. Armstead Vann did not sign any document conveying his interest in this property to Beverly. On 30 June 1906 Beverly conveyed 60 acres of the property to Fleeta Vann for life with the remainder interest to Armstead, Matilda, Arzula, Sarah, Solomon and Annie Vann. This deed was recorded in Book 64 at Page 300 of the Hertford County Registry.

Sometime prior to 2 February 1938 Fleeta Vann died. On 2 February 1938 Armstead, Arzula, Sarah, Annie and Solomon conveyed their interest in the 60-acre tract to John Arlie Scott. The deed was recorded in Book 123 at Page 512 of the Hertford County Registry and refers to the deed from Beverly to the Vanns recorded in Book 64 at Page 300. A second deed was executed on 2 February 1938 conveying the same property. This deed was executed because Annie Vann's husband had not signed the earlier deed. This deed also referred to the Beverly deed. Matilda Vann did not sign these documents nor any other documents conveying her interest in this property. It was stipulated that Matilda Vann died sometime after 30 June 1906, however, there was no evidence presented regarding her date of death or the identity of her successors in interest.

On 19 May 1930 Beverly executed a deed of trust on the remaining acreage, described as 70 acres of land, to W. D. Boone, Trustee. This deed of trust was foreclosed and Boone as trustee conveyed the property to Emma Parker on 28 August 1936. The deed was recorded in Book 128 at Page 179 of the Hertford County Registry. Sometime prior to 8 February 1947 Emma Parker died intestate survived by a husband and seven children. The Parker heirs conveyed their interest in the 70 acres of land to C. S. Parker by deed found at Book 164 on Page 364 of the Hertford County Registry. C. S. Parker conveyed the property to John Arlie Scott on 6 March 1947 by a deed found at Book 164 on Page 366 of the Hertford County Registry.

Scott died intestate on 7 February 1970 survived by John A. Scott, Jr., one of the defendants in this action. In August 1972 Scott entered into an oral lease with John W. Eley whereby Eley was leasing approximately 22 acres of the land in question.

Based upon this evidence the court concluded that John A. Scott owned 5/6 of the 60-acre tract of land prior to the taking of the land by the Town of Winton and that Matilda Vann or her heirs owned a 1/6 interest in the 60-acre property. The court also concluded that John A. Scott was the fee simple owner of the 70-acre tract. From this judgment the Scotts, Eleys and the Vanns appealed.

*Revelle, Burleson, Lee & Revelle, by L. Frank Burleson, Jr., for the Town of Winton.*

*Robert C. Jenkins as guardian ad litem for the appellants Vann.*

*Moore, Wright and Hardison, by Thomasine E. Moore and Paul A. Hardison; and Bowen C. Tatum, Jr., for the appellants Scott and Eley.*

ARNOLD, Judge.

First we note that this is an appeal from an interlocutory order and as such is subject to dismissal. Nevertheless, we treat this matter as a petition for a writ of certiorari, and in our discretion allow the same.

SCOTT AND ELEY APPEAL

These appellants contend the court erred by awarding Matilda Vann or her successors any interest in the sixty-acre tract of land. We disagree.

[1]  The Scotts first contend that they obtained title to this property by ouster of a co-tenant. In *Collier v. Welker*, 19 N.C. App. 617, 620-621, 199 S.E. 2d 691, 694-95 (1973), Judge (later Justice) Vaughn wrote the following statement regarding what must be shown in order to prove adverse possession as against a co-tenant:

> Even where a co-owner appropriates rents and profits for his sole benefit, silent occupation and exclusive use of the

entire property does not qualify as actual ouster, absent a demand for accounting by the excluded tenants in common. *Cox v. Wright, supra; Clary v. Hatton*, 152 N.C. 107, 67 S.E. 258; *Dobbins v. Dobbins*, 141 N.C. 210, 53 S.E. 870; *Bullin v. Hancock*, 138 N.C. 198, 50 S.E. 621. This position is consistent with the general precept that, regardless of a conflicting rule with respect to persons who are not joint owners, "the entry and possession of one tenant in common are presumed not to be adverse to his cotenants." 4 Thompson, Real Property (1961 Replacement), § 1810, p. 204. The lack of a presumption of adversity as between tenants in common is particularly significant in view of the fact that possession is not adverse unless it is, among other things, notorious. *Newkirk v. Porter*, 237 N.C. 115, 74 S.E. 2d 235; *Locklear v. Savage*, 159 N.C. 236, 74 S.E. 347. One cotenant may not be deprived of his rights by another cotenant unless the allegedly disseized has actual knowledge or constructive notice of a co-owner's intent to dispossess. As the court noted in *Clary v. Hatton, supra,* the adverse nature of a cotenant's possession must be "manifested by some clear, positive and unequivocal act equivalent to an open denial of the co-tenants' rights, and putting them out of seizin." Ordinarily, a particular action or activity falls outside the purview of this test unless it exposes the actor to an action by the cotenants for a breach of fealty. *Cox v. Wright, supra; Clary v. Hatton, supra; Dobbins v. Dobbins, supra; Page v. Branch*, 97 N.C. 97, 1 S.E. 625, *See* Webster, Real Estate Law in North Carolina §§ 260(a) and (b).

Although ouster is required to support a cotenant's claim of adverse possession, our courts have favorably acknowledged the concept of constructive ouster. Ouster is presumed if one tenant in common and those under whom he claims have been in sole and undisturbed possession and use of the land for twenty years when there has been no demand for rents, profits or possession. *Morehead v. Harris*, 262 N.C. 330, 137 S.E. 2d 174; *Brewer v. Brewer, supra; Battle v. Battle*, 235 N.C. 499, 70 S.E. 2d 492; *Williams v. Robertson*, 235 N.C. 478, 70 S.E. 2d 692; *Crews v. Crews*, 192 N.C. 679, 135 S.E. 784; *Lester v. Harward*, 173 N.C. 83, 91 S.E. 698; *Lumber Co. v. Cedar Works*, 165 N.C. 83, 89 S.E. 982; *Shannon v. Lamb*, 126 N.C. 38, 35 S.E. 232. Upon completion of the req-

uisite 20-year period, ouster relates back to the initial taking of possession. *Cox v. Wright, supra; Lumber Co. v. Cedar Works, supra; Dobbins v. Dobbins, supra*; 1 Mordecai Law Lectures, Chapter XVII, p. 624. Not only does 20 years of exclusive possession raise a presumption of ouster, but it also supplies all the elements necessary to support a finding that the possession was adverse and included elements of notice and hostility.

The only evidence before the trial court was a series of title documents and stipulation. On their face, these documents and stipulation show that the Scotts own the 60-acre tract of land as co-tenants with Matilda Vann or her successor in interest. The documents do not show ouster at any point in time. While the Scotts may have been able to show such ouster had they offered testimony regarding possession of the property, their failure to do so precludes them from showing ouster. Thus, their contention of ouster must fail.

[2] These appellants next contend that they obtained title to the property by adverse possession under color of title. This claim must also fail.

If the tenant in common gives a deed which purports to convey the whole estate, the grantee therein merely steps into his grantor's shoes. As a result, the deed is not color of title as against the grantor's cotenants, and seven years' possession under the deed will not ripen title to the whole estate in the grantee. *Cox v. Wright*, 218 N.C. 342, 11 S.E. 2d 158 (1940). "In the absence of *actual ouster*, the ouster of one tenant in common by a cotenant will not be presumed from an exclusive use of the common property and the appropriation of its profits to his own use for a less period than twenty years . . . ."

*Young v. Young*, 43 N.C. App. 419, 427, 259 S.E. 2d 348, 352 (1979). Thus, color of title is inapplicable in this instance as well.

[3] Finally, these appellants argue the court erred in awarding any property to Matilda Vann or her successors because it was not proven that any of her successors were in existence when the property was condemned. We find no support for this position in our law.

The Scotts seek to establish their title to Matilda Vann's interest in this land by adverse possession. The party attempting to establish title by adverse possession has the burden of proof. *See Powell v. Mills*, 237 N.C. 582, 75 S.E. 2d 759 (1953). The proof offered at trial falls short of that necessary to establish title in the Scotts. Thus, with regard to the Scotts' appeal we find that the judgment of the trial court must be affirmed.

[4] Furthermore, we note that Chapter 47B, the Real Property Marketable Title Act, does not extinguish Matilda Vann's interest. G.S. 47B-3(1) provides that any interests in land which are "disclosed by and defects inherent in the muniments of title of which such 30-year chain of record title is formed" are not extinguished by the act. The chain of title under which the Scotts claim their interest in the 60-acre tract of land specifically refers by book and page number to the deed from Beverly to all the Vann heirs. This is sufficient to disclose Matilda Vann's interest in the property. Thus, the Scotts cannot prevail under Chapter 47B of the General Statutes.

## VANNS' APPEAL

[5] By their first and second assignments of error the Vanns contend the court erred when it found that Beverly acquired a 5/6 undivided interest in the 120-acre island tract by the original deed from the Vanns to Beverly. The basis for this argument is based upon the premises that the acknowledgment of execution of the deed by the subscribing witness is defective. The deed indicates that the signatures of four of the Vanns were witnessed by John D. Parker, but the person who proved the execution of the deed to the Clerk of Court was listed as John P. Parker. The Vanns argue that this is a defect which divests Beverly of all but 1/6 of the total tract of land. When the Clerk of Court certifies that the execution of an instrument has been properly proven the presumption is that the document was properly executed. *See, Peel v. Corey*, 196 N.C. 79, 144 S.E. 559 (1928). In the case *sub judice* the clerk made the proper certification and the Vanns have failed to rebut the presumption. Thus, we find the argument to be without merit.

By the third and fourth assignments of error the guardian ad litem on behalf of Armstead Vann, his heirs and assigns contends the court erred in denying him a share of the 70-acre tract of

land. First he argues the court erred by concluding that Armstead Vann lost his interest by ouster. The law regarding what must be shown to take property from a cotenant by adverse possession is set forth in the *Collier* case discussed earlier in this opinion. Again, we find that the Scotts failed to place sufficient evidence in the record to support their claim of ouster. While the Scotts may have been able to prove their case by oral testimony that they had held the property exclusive without any demand from the Vanns they failed to do so. The title documents which they submitted were not sufficient to prove their case. Thus, the court erred in awarding the Scotts fee simple title to the 70-acre tract based upon this theory.

[6]   The court also awarded the Scotts title based upon the Real Property Marketable Title Act which is denominated as Chapter 47B of the General Statutes of North Carolina. G.S. 47B-2 in pertinent part provides:

> (a) Any person having the legal capacity to own real property in this State, who, alone or together with his predecessors in title, shall have been vested with any estate in real property of record for 30 years or more, shall have a marketable record title to such estate in real property.

> (b) A person has an estate in real property of record for 30 years or more when the public records disclose a title transaction affecting the title to the real property which has been of record for not less than 30 years purporting to create such estate either in:

> (1) The person claiming such estate; or

> (2) Some other person from whom, by one or more title transactions, such estate has passed to the person claiming such estate;

> with nothing appearing of record, in either case, purporting to divest such claimant of the estate claimed.

> (c) Subject to the matters stated in G.S. 47B-3, such marketable record title shall be free and clear of all rights, estates, interests, claims or charges whatsoever, the existence of which depends upon any act, title transaction, event or omission that occurred prior to such 30-year period.

Town of Winton v. Scott

All such rights, estates, interests, claims or charges, however denominated, whether such rights, estates, interests, claims or charges are or appear to be held or asserted by a person sui juris or under a disability, whether such person is natural or corporate, or is private or governmental, are hereby declared to be null and void.

G.S. 47B-2 is subjected to the exceptions set forth in 47B-3. The exception relevant to this controversy is G.S. 47B-3(1) which provides:

(1) Rights, estates, interests, claims or charges disclosed by and defects inherent in the muniments of title of which such 30-year chain of record title is formed, provided, however, that a general reference in any of such muniments to rights, estates, interests, claims or charges created prior to such 30-year period shall not be sufficient to preserve them unless specific identification by reference to book and page or record be made therein to a recorded title transaction which imposed, transferred or continued such rights, estates, interests, claims or charges.

John A. Scott, the predecessor in interest to the Scott defendants, obtained his title from C. S. Parker on 6 March 1947. The title document referred to the land as being "the same land conveyed to W. D. Boone, Trustee to Erma Parker." This conveyance was more than 30 years prior to the date of this action. Thus, pursuant to the terms of G.S. 47B-2 Scott would have title unless he falls within one of the exceptions. The deed under which John A. Scott took title did not make any reference to a muniment of title which would reveal the latent defect in the title. Thus, the exception set forth by G.S. 47B-3(1) does not protect Armstead Vann's claim. Therefore, we hold the court properly concluded that Vann's claim had been extinguished under the terms of the Marketable Title Act. With respect to the Vanns' appeal the judgment of the trial court is affirmed.

Affirmed.

Judge EAGLES concurs.

Judge PHILLIPS concurs in part and dissents in part.

Judge PHILLIPS concurring in part and dissenting in part.

I concur in the decision to deny the appeal of the Vanns, but I dissent from the decision to deny the appeal of the Scotts as well. In my opinion the record establishes that the Scotts are the legal owners of the 1/6th undivided interest in the 60-acre tract, and that Matilda Vann or her successors have been divested of all interest therein, by ouster, adverse possession and registered ownership.